### DETWILER v. BISH.

PLEADING.—*Answer.*—*Obtaining Signature to Promissory Note by Fraud.*— Complaint upon a promissory note payable in a bank in this State, and indorsed by the payee to the plaintiff before maturity. Answer, that there was no agreement or contract between the defendant and the payee by which a note was to be made, that no note was shown or read to the defendant, but alleging that there was a contract about other matters, which was signed by the defendant, and if the note in suit was contained in the paper signed, it was so disguised and concealed that the defendant could not with reasonable diligence have discovered the same, that he never gave the note, and if his signature to it is genuine, it was obtained without his knowledge or consent, by fraudulent means to him unknown, and which he could not with reasonable diligence have discovered.

*Held*, that the answer was good on demurrer.

From the Grant Circuit Court.

*A. Hess, J. Brownlee,* and *H. Brownlee,* for appellant.

PETTIT, J.—This suit was brought by the appellant against the appellee on a promissory note given by the appellee to one Fitzgerald, payable to his order in a bank in this State, and by Fitzgerald, payee, endorsed to the plaintiff, Detwiler, appellant here, before maturity. Bish answered in two paragraphs. 1st. A denial of the execution of the note, which was sworn to. The second paragraph of the answer was this:

" Comes said defendant, David Bish, and for second answer to the complaint in this case says, that the said Fitzgerald

came to his house in Pleasant township in Grant county, Indiana, and represented to this defendant that he, said Fitzgerald, was appointing agents throughout the county, for the sale of a certain 'Revolving Pulverizer and Cultivator,' and desired to appoint said defendant one of such agents in said township, and it was agreed that said defendant should accept such agency; that during the negotiation relating to such contract nothing was said between said parties about a note, or the execution of a promissory note by said Bish to said Fitzgerald or other person; that when said Bish should accept such agency, he was by such contract to sell such machines and account to said Fitzgerald for the receipts of such sales to the amount of fifty per cent. of the net profits, the balance of which said Bish was to have as his remuneration for services; that said Fitzgerald represented to this defendant that it was necessary to sign such agreement and contract, which he represented to this defendant would empower him to order from a certain manufactory in Michigan all such machines as he might want for such agency; and defendant avers that said Fitzgerald made no mention, during all such negotiations, about any promissory note, or any amount to be paid by defendant, except as in this answer specified. And he avers that no such note as is in complaint named was read to or shown him by said Fitzgerald, and if such note was contained in the paper signed by him, it was so disguised and concealed by said Fitzgerald and the language of said agreements that he, said defendant, could not, with reasonable diligence, have discovered the same; that he, said defendant, was not accustomed to trade in such things, nor in patents of any kind; that he was ignorant of the fact that such parties had been making, and attempting to make, such contracts in the country. And defendant avers that he never gave said note or any other note or bill of exchange to said Fitzgerald, and if this signature to said note is genuine, it was obtained without his knowledge or consent, and by some fraudulent means to him unknown, and which he could not prevent by the use of due diligence."

A demurrer, for want of sufficient facts, was filed to this paragraph of the answer, which was overruled, and the paragraph held good. Exception'was taken, and this ruling is assigned for error. We hold that this ruling was not erroneous. We regard this paragraph as setting up fraud in procuring the defendant's signature to the note, when he thought he was signing another paper. On this point this case can not be distinguished from *Cline* v. *Guthrie,* 42 Ind. 227, and must be governed by it. This case is unlike that of *Hereth* v. *The Merchants' National Bank of Indianapolis,* 34 Ind. 380. In that case it was not pretended that the wrong paper was signed, but that the fraud consisted in procuring the signatures to the note by falsely and fraudulently representing the value of the patent right for which the note was given.

The judgment is affirmed, at the costs of the appellant.