## THOMPSON *v.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILROAD COMPANY.

PRACTICE.—*Special Findings Inconsistent with General Verdict.*—Where the special findings of fact by a jury, in answer to interrogatories propounded to them on the trial of a cause, are clearly and irreconcilably inconsistent with their general verdict, judgment must be rendered, notwithstanding such general verdict, in accordance with such special findings.

SAME.—*Same.*—*Action for Damages for Injury.*—*Contributory Negligence.*— Where, on the trial of an action for damages for injuries alleged to have been inflicted upon the plaintiff by the wrongful and negligent act of the defendant, the jury, with their general verdict in favor of the plaintiff, returned special findings of fact, in answer to interrogatories propounded to them, showing that there was negligence on the part of the plaintiff, contributing to, if not altogether causing the injuries complained of, judgment was properly rendered, notwithstanding such general verdict, in favor of the defendant, on such special findings.

From the White Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*H. W. Chase, J. A. Wilstach* and *F. S. Chase,* for appellee.

HOWK, J.—The appellant sued the appellee, in the Tippecanoe civil circuit court, to recover damages for alleged personal injuries sustained by him through the alleged wrongful, negligent, careless and unlawful acts of the appellee.

In his complaint, the appellant alleged, in substance, that the appellee, a corporation duly incorporated under the laws of this state, on July 20th, 1873, was the owner of a certain railroad, known as the Cincinnati, Lafayette and Chicago Railroad, with necessary cars, locomotives and other appurtenances thereto belonging, for the operation of said road, and was the lessee of that portion of the track of the western division of the Lafayette, Muncie and Bloomington Railroad, which extended from Templeton Junction, in Benton county, to Lafayette, in Tippecanoe county, in this state; that on said day, appellant was a physician and surgeon, living in said Benton county, and enjoyed a large and lucrative practice as such, and on

said day he was called to see a patient; that in going to see said patient (and in returning) he was compelled to cross the track so leased and occupied by appellee; that the appellee, not regarding the requirements, convenience and necessities of the general public, did unlawfully obstruct the highway, in said Benton county, upon which the appellant was travelling, in manner following, to wit: that on said day, and before appellant was called to see his patient, the appellee wrongfully, negligently, carelessly and unlawfully placed and left upon its said track a long train of freight cars, so as to obstruct and blockade the public highway, which was forty feet wide, over and upon which appellant was required to travel, cutting said train in two parts, immediately at and upon the crossing of said highway, leaving a narrow passage of about ten feet in width, for the passage of the public; that while appellant was in the act of crossing said railroad track, between the said cars so left and placed as aforesaid, and by reason of the cars being so left as aforesaid, and without fault on his part, his horses became frightened at the cars, and, making a sudden turn, upset the buggy in which appellant was seated and threw him violently to the ground, causing a dislocation of the left shoulder and a fracture of the surgical process of the left arm, and greatly shocked his whole physical system, and did greatly bruise and injure his body in divers and sundry parts thereof; that the place left open between the two parts of the said train was the only crossing within a distance of two miles either way; that by reason of said several injuries, so received as aforesaid, and without fault on his part, appellant was prevented from attending to the duties of his profession for a long time, to wit, for two months, and by reason of said injuries was rendered incapable, for the remainder of his life, of practising his profession as, or discharging the offices and duties of, a surgeon, and was otherwise damaged,—to his entire damage of twenty

thousand dollars; for which sum, and for other proper relief, appellant demanded judgment.

To this complaint, appellee answered in three paragraphs, as follows:

1.  A general denial;

2.  That the injury complained of in said complaint was produced and caused by the contributory negligence of the appellant in the manner following, to wit, the appellant negligently drove his team over said railroad track, through the opening in the train of cars standing thereon, when he well knew the situation of said train, and the width and location of said opening therein, and failed to take any proper care in such driving of said team;

3.  That the injuries described in said complaint were caused in a material part by the negligence of the appellant, in the manner following; the appellant's horses, which he drove across said track, through the opening in said train, were wild, ungovernable and unsafe to drive, and through their wild, ungovernable and unsafe character, they became ungovernable and uncontrollable and suddenly took fright at said cars and upset the appellant's buggy, and inflicted said injuries complained of; whereby the appellant, of his own wrong and negligence, sustained the said injuries.

Appellant replied to the second and third paragraphs of appellee's answer, in denial of the matters therein alleged; and the action being at issue, on appellee's application, the venue thereof was changed to the court below.

In the court below, the cause was tried by a jury, and a general verdict was returned by the jury for the appellant, assessing his damages at eight thousand seven hundred and fifty dollars. And the jury also returned with their general verdict, by the direction of the court, at the request of the appellee, their special findings upon particular questions of fact stated to them in writing, as follows:

"1. Did the plaintiff, when he approached the railroad crossing from the north, where he sustained the injuries complained of, see and know the position of the cars, and that it was apparently dangerous to attempt to cross between them with his team?"·

"Answer. Yes."

"2. Did the plaintiff, when he approached the opening between the cars where he was injured, direct his servant to alight from the wagon in which he and the plaintiff were riding, and lead the horses through?"

"Answer. He did."

"3. Does the evidence show that the cars, which were inside the boundary lines of the street or highway where the plaintiff was injured, were placed there by the defendant, or any of its employes or servants?"

"Answer. No."

The appellee then moved the court below for judgment in its favor, upon the special findings of the jury in answer to the questions of fact stated to them in writing, which motion was sustained by the court below, and to this decision appellant excepted.

And appellant moved the court below to enter judgment in his favor upon the general verdict of the jury, for the amount of damages assessed therein, which motion was overruled by the court, and to this decision appellant excepted.

Appellant then moved the court below, upon written causes filed, for a new trial of this action, which motion was overruled, and to this decision appellant excepted. And judgment was rendered by the court below for the appellee, upon the special findings of the jury, and appellant excepted.

In this court, the appellant has assigned the following alleged errors:

1. The overruling of appellant's motion for a judgment in his favor, on the general verdict of the jury;

Thompson *v.* The Cincinnati, Lafayette and Chicago Railroad Company.

2. The sustaining of appellee's motion for a judgment in its favor, upon the special findings of the jury;

3. The overruling of appellant's motion for a new trial.

We will consider the first and second of these alleged errors together, as it seems to us that one is but the complement of the other; that is, if it be true, as alleged in the first error, that the court below erred in overruling appellant's motion for a judgment in his favor, upon the general verdict of the jury,—then, *ex rei necessitate,* it is equally true, as alleged in the second error, that the court below erred, in sustaining appellee's motion for a judgment in its favor, upon the special findings of the jury. The real question presented for our consideration by these two alleged errors is this; were the special findings of the facts inconsistent with the general verdict of the jury in this case? If they were, then the law is imperative, that "the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172, sec. 337. Conceding that the facts specially found by the jury are true, and we must regard them as true, can those facts be true, and still the appellee be liable to the appellant, under the averments of his complaint and the issues joined thereon? In other words, can the facts specially found by the jury be reconciled with those facts which the jury, under the issues, were bound to find in order to justify them, under the law, in returning their general verdict in favor of the appellant?

In such cases as this, it is the well settled law of this state, that "the averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case." *The Jeffersonville, etc., Railroad Co.* v. *Goldsmith,* 47 Ind. 43; *Hathaway* v. *The Toledo, etc., Railway Co.,* 46 Ind. 25. Accordingly, in recognition of this rule of law, appellant stated and reiterated in his com-

plaint, that he received the injuries complained of in this action, "without fault on his part." Now, to justify the jury in their general verdict, it was necessary that they should find, as a fact proved on the trial, that appellant received his injuries without fault on his part. Yet the jury specially found this fact,—that the appellant, when he approached the railroad crossing from the north, where he sustained the injuries complained of, saw and knew the position of the cars, and that it was apparently dangerous to attempt to cross between them with his team. Now, can the fact thus specially found by the jury, be reconciled with the fact the jury were bound to find in order to sustain and uphold their general verdict,— that appellant's injuries were the result of appellee's negligence, without any blamable negligence on the part of the appellant? Is the fact specially found by the jury inconsistent with the fact impliedly found in and by the general verdict of the jury? In our opinion, the fact specially found by the jury, upon the first question of fact stated to them in writing, was utterly inconsistent with the facts impliedly found in and by the general verdict of the jury.

The gravamen of appellant's complaint against the appellee, was this; that the appellee wrongfully, negligently, carelessly and unlawfully placed and left upon its railroad track a long train of freight cars, so as to obstruct and blockade a public highway. It will be observed that the charge was, not alone by placing, nor only the leaving, but the placing *and* leaving the train of cars, so as to obstruct and blockade the public highway. Therefore, it was necessary that the jury, in returning a general verdict for the appellant, should impliedly find, as a fact proved on the trial, that the appellee both placed and left upon its railroad track the long train of cars, so as to obstruct and blockade the public highway. Yet, we find that the jury, by their answer to the third question of fact stated to them in writing, specially found the follow-

ing fact: the evidence did not show that the cars, which were inside of the boundary lines of the street or highway where the appellant was injured, were placed there by the appellee, or any of its employes or servants. That is, the evidence did not show a material fact, which the appellant, under the averments of his complaint and the issues joined thereon, was bound to prove on the trial in order to entitle himself to a verdict; and the existence and proof of which fact were necessarily implied in and by the general verdict of the jury in his favor. Here again, therefore, we have the special finding by the jury of a fact which is utterly inconsistent and can not be reconciled with the general verdict of the jury. In such a case, the law demands that the special findings of the facts shall control the general verdict of the jury, and that the court shall give judgment accordingly.

We hold, therefore, that the court below did not err, either in the overruling of appellant's motion for a judgment in his favor, on the general verdict of the jury, or in the sustaining of appellee's motion for a judgment in its favor, upon the special findings of the jury.

We come now to the consideration of the third and last alleged error in the record of this action,—the overruling of the appellant's motion for a new trial. In this motion nine reasons or causes for such new trial were assigned by appellant, as follows:

1. The special findings of the jury were not sustained by the evidence;

2. Error of law of the court below, in sustaining appellee's motion for a judgment on the special findings;

3. Error of law of the court below, in overruling appellant's motion for a judgment on the general verdict in his favor;

4. Error of law of the court below, in rendering judgment for the appellee on the special findings;

5. Error of law of the court below, in refusing to render a judgment in favor of appellant;

6. The verdict (special findings?) is contrary to the evidence;

7. The decision of the court below is contrary to law;

8. The conclusions of the court below are contrary to law;

9. The judgment of the court below ought to have been rendered for the appellant.

All of these causes for a new trial, with the exception of the first and sixth, are merely different forms of presenting the same questions that are presented by the first and second alleged errors; and those questions have been fully discussed and decided, in our examination and decision of these alleged errors.

The first and sixth causes for a new trial, as we understand them, present only the pure and simple question, as to whether or not the special findings of the jury were sustained by sufficient evidence. We think the special findings of the jury were sustained by the evidence; indeed, we may add, that we can not well see, from the evidence, how the jury could have answered the questions of fact submitted to them otherwise than they did. We have carefully examined and considered all the evidence in this case, and while it appears therefrom that the appellant has sustained serious and perhaps permanent injuries, yet we are fully satisfied from the evidence that he has no lawful claim against the appellee for any compensation in damages for the injuries he has sustained.

We find no error in the record of this cause.

The judgment of the court below is affirmed, at the costs of the appellant.