ECKLEMAN v. MILLER, ADM'R.

INSTRUCTION TO JURY.—*New Trial.*—*Practice.*—*Assignment of Error.*—*Supreme Court.*—Error in giving or refusing instructions to the jury is ground for a new trial, but can not be independently assigned, as such, on appeal to the Supreme Court.

CONTRACT.—*Party-Wall.*—*Verdict.*—*Special Finding.*—*Interrogatory to Jury.*— On the trial of an action by A., against B., owners of adjoining lands, to recover one-half of the value of a party-wall erected by the former, on an alleged promise by the latter to pay for the same as soon as his half should be used in erecting a building, the jury found, generally, for the plaintiff, and, specially, that the defendant had consented to allow the plaintiff to erect such wall, on condition that the half erected on the defendant's premises should be paid for by the person who should thereafter use such wall, and that such use had been made by a person to whom such premises had been conveyed by the defendant.

*Held*, that, on the special finding of the jury, the defendant is entitled to judgment notwithstanding the general verdict.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellant.

*H. D. Wilson, O. T. Chamberlain, J. H. Baker* and *J. A. S. Mitchell,* for appellee.

Howk, J.—In this action, the appellant was the plaintiff, and the appellee was the defendant, in the court below. Appellant's complaint was in two paragraphs:

In the first paragraph, the appellant alleged, in substance, that on the 11th day of October, 1874, said Cynthia M. Davis died testate, and, in November following, the appellee was appointed executor of said decedent's estate; that on the 1st day of April, 1868, the appellant was, and still was, the owner in fee-simple, and in the possession, of the north twenty feet of lot number fifty-eight, in the town of Elkhart, in Elkhart county, Indiana; that on said 1st day of April, 1874, said Cynthia M. Davis was seized in fee-simple, and in the possession, of the south twenty feet of lot number fifty-nine, in said town of Elkhart; that on the — day of May, 1871, the appellant, being about to erect on his said lot a large three-story brick store-room, twenty feet in width and eighty feet in depth, fronting on the east line of his said lot, and being about to place the north wall of said building all on his own land, the said Cynthia M. Davis requested the appellant to place the one-half of the said north wall of said building on her said lot, so that the said wall, when erected, would be a division and party-wall between the said lots, so owned by the appellant and said Cynthia M. Davis, and then and there agreed to and with the appellant, that, if the appellant would so place the north wall of his said building upon said two lots, as that one-half of said wall, in thickness and height, would be on appellant's lot, and the other half thereof on her lot, she, Cynthia M. Davis, would pay the appellant the one-half of the value of said north wall of said building, whenever the same was used in the erection of a building on her

said lot; that, in good faith, relying upon the said promise and agreement of said Cynthia M. Davis, the appellant, during the summer of 1871, erected said brick building on his said lot, and so placed the north wall thereof that the one-half of said wall rested on appellant's lot, and the other half thereof on the lot of said Cynthia M. Davis, as requested by her; that on the 25th day of September, 1872, said Cynthia M. Davis sold and conveyed her said lot, together with the one-half of said party-wall, to one Louisa J. Chapman, who erected thereon, in the summer of 1872, a three-story brick building, using as the south wall thereof and as a support to and for, and a part of, her said building, the said wall so erected by the appellant; that the value of the one-half of said wall, so used by said Louisa J. Chapman as the grantee of said Cynthia M. Davis, is one thousand dollars; that said Louisa J. Chapman used said wall, and took possession of one-half of the same, under and by virtue of the said conveyance to her of said premises by said Cynthia M. Davis, and without paying appellant therefor, though demanded, and had ever since used said wall for the support of her said building; that no part of the cost or value of said wall had been paid to appellant by any one; and that the same was due and owing from the estate of said Cynthia M. Davis, deceased.   Wherefore, etc.

In the second paragraph of his complaint, the appellant alleged substantially the same facts as in the first paragraph, except that he alleged in the second paragraph, that said Cynthia M. Davis agreed, that whenever said party-wall was used on her lot, "whoever used the said wall should pay for it."

Appellee answered the appellant's complaint in two paragraphs, as follows:

1.  A general denial;

2.  In the second paragraph of his answer, the appellee alleged, in substance, that he admitted the appellant's ownership of the real estate claimed by him in his com-

plaint, and that appellant, at the date mentioned by him, erected a brick building on his said lot, and that, by and with the consent of appellee's decedent, the appellant erected his north wall about six inches over on the lot then owned by said decedent; but the appellee said, that, notwithstanding the premises, the appellant ought not to maintain his action against the estate of said decedent, for that the said wall was erected under the following circumstances, to wit: That the appellant, being about to erect his said building, requested permission from said decedent, then the owner of the lot north of appellant's lot, to rest the north half of his wall on said decedent's ground for support, and to get the benefit of six inches' additional width to his building; that said decedent, being so requested, gave the appellant license so to support the north half of his north wall on her ground, but the appellee said that said license was given upon the express condition, that said decedent was not to own any part of said wall, nor was the same to become appurtenant or attached to her lot, until the same should be used and paid for by whomsoever should appropriate and use the same, but was to remain the appellant's property; that said decedent then informed the appellant that she never intended to build on her lot, and that if she would in any manner become liable to pay for any part of said wall, she would refuse her assent to appellant to build thereon; that said decedent never in any manner claimed or owned any interest in said wall, and when she sold her lot to said Louisa J. Chapman, she informed said Louisa's agent that she had no right nor interest in said wall, and that she received no consideration whatever for said wall, when she sold her lot; and that the said Louisa had used and appropriated the said wall to her own use, if at all, without the advice, consent or procurement of said decedent. Wherefore, etc.

Appellant demurred to the second paragraph of the answer, for the alleged insufficiency of the facts therein

to constitute a defence to his action, which demurrer was overruled by the court below, and to this decision the appellant excepted. And the appellant then replied by a general denial.

The action, being at issue, was tried by a jury, in the court below, and a general verdict was returned for the appellant, assessing his damages at five hundred and sixty dollars. And the jury also returned, with their general verdict, a special finding as to particular questions of fact, submitted to them by the parties under the direction of the court below. We need not notice the answers of the jury to the appellant's interrogatories, as these interrogatories, and the answers thereto, relate to matters virtually admitted in the second paragraph of appellee's answer, and have no connection whatever with the alleged agreement of said Cynthia M. Davis, deceased, as the same is stated in either paragraph of the appellant's complaint. We set out, however, the interrogatories propounded to the jury by the appellee, and the answers of the jury thereto, under the direction of the court, for the reason that upon the special finding of facts, as contained in these interrogatories and answers, the court below rendered judgment for the appellee, notwithstanding the general verdict of the jury for the appellant. These interrogatories and answers were as follows:

"1st. Did Mrs. Davis agree unconditionally, that she would pay for any part of the wall in controversy?

"Answer. No.

"2d. With, or through whom, was the agreement concerning said wall made?

"Answer. Dean Swift.

"3d. Was there any other agreement between said Eckleman and Mrs. Davis, except such as was made through Mr. Swift?

"Answer. No.

"4th. If there was any other agreement than that

recited by Mrs. Swift, when, where, and with whom was it made?

"Answer. ———.

"5th. Was not Mrs. Davis' consent, to allow said wall to be built on her premises, procured, on the condition that the person who should thereafter use said lot should be liable to pay for it?

"Answer. Yes.

"6th. Was not her consent procured by Mr. Swift, on condition that the person who should join on and use said wall should be chargeable for the same?

"Answer. Yes.

"7th. Was said wall ever used by Mrs. Davis?

"Answer. By her assignees.

"8th. Was there ever any notice given to Mrs. Davis, that said wall had been used, and was there ever any demand made for the payment of the same?

"Answer. None in testimony."

On written causes filed, the appellee moved the court below for a new trial, which motion was overruled, and appellee excepted. And appellee then moved the court for judgment in his favor upon the special finding of the jury of particular facts, notwithstanding the general verdict, which motion was sustained, and to this decision the appellant excepted. And judgment was accordingly rendered by the court below, in favor of the appellee and against the appellant.

In this court, the appellant has assigned the following alleged errors of the court below:

1st. In overruling appellant's demurrer to the second paragraph of appellee's answer;

2d. In giving to the jury instructions numbered one, two, three, five, six and nine, of the court's own motion;

3d. In giving to the jury instructions numbered one, two and three, at the appellee's request; and,

4th. In sustaining the appellee's motion for judgment

on the special finding of the jury, notwithstanding their general verdict.

Appellant's counsel have not, in their argument of this cause in this court, discussed the insufficiency of the facts stated in the second paragraph of appellee's answer to constitute a defence to this action. We therefore regard the first alleged error as waived by the appellant. The giving, or refusing, of instructions to the jury is matter occurring at the trial. If the instructions of the court to the jury are claimed to have been erroneous, and were excepted to at the time by the party complaining of them, the giving of such instructions may be assigned as a cause for a new trial, in a motion therefor addressed to the court below, as error of law occurring at the trial, and excepted to at the time. But the giving of such instructions is not properly assignable, and can not be assigned, as error, in this court, when the party complaining of such instructions has made no motion for a new trial, in the court below. In this case, the appellant made no motion for a new trial of this cause, in the court below. And, therefore, the second and third alleged errors are not properly assigned as errors, in this court, and they present no questions for our consideration.

The fourth alleged error, assigned by the appellant, is, that the court below erred, in sustaining the appellee's motion for judgment on the special finding, notwithstanding the general verdict. The question presented for our consideration by this alleged error is this: Were the particular questions of fact, or any of them, specially found by the jury, inconsistent with their general verdict? If they were, then, under the express provision of the 337th section of the practice act, the special finding of the facts "shall control" the general verdict, "and the court shall give judgment accordingly." 2 R. S. 1876, p. 172. *Thompson* v. *The Cincinnati, etc., Railroad Co.*, 54 Ind. 197.

Appellant's cause of action against the estate of appel-

lee's decedent was founded upon the agreement of said decedent, made in her lifetime. As stated in the first paragraph of appellant's complaint, the decedent's agreement was an unconditional promise that she would pay the appellant the one-half of the value of the party-wall, whenever the same was used in the erection of a building on her lot. And, as stated in the second paragraph of the complaint, the decedent's promise was, that "whoever used the said wall should pay for it." Now, to justify the jury in their general verdict against the estate of appellee's decedent, it was necessary that they should find that the decedent made such an agreement, or promise, as was stated in the one or the other of the paragraphs of the appellant's complaint. But the jury found specially the following fact: "Mrs. Davis' consent, to allow said wall to be built on her premises, was procured, on the condition that the person who should thereafter use said lot should be liable to pay for it." And, again, the jury found specially this further fact: "Her consent was procured by Mr. Swift, on condition that the person who should join on and use said wall should be chargeable for the same." The facts thus specially found by the jury, it seems to us, are utterly inconsistent with the alleged promise or agreement of appellee's decedent, as stated in either paragraph of appellant's complaint. These facts, thus found, show very conclusively to our minds, that the appellee's decedent, instead of making any promise or agreement, that she, or any one else, would pay the appellant any part of the cost or value of the party-wall, gave her consent to the erection of a part of the wall on her lot, on the express condition that she should not be liable for, nor chargeable with, any part of the cost or value of said wall.

In our opinion, therefore, the court below committed no error, in sustaining the appellee's motion for judgment in his favor on the special finding, notwithstanding the general verdict.

The judgment of the court below is affirmed, at the appellant's costs.