## MURPHY v. LUCAS.

PROMISSORY NOTE.—*Payable in Bank.*—*Action by Endorsee Against Maker.*—*Measure of Damages.*—In an action on a promissory note payable in a bank of this State, against the maker, by an innocent endorsee thereof for value and before maturity, the measure of the damages recoverable thereon is, not the amount paid therefor by the plaintiff, but the amount due on the note.

SAME.—*Partial Defence.*—*Consideration Paid by Endorsee.*—*Fraud.*—*Pleading.*—In an action by the payee, against the maker, on a promissory note, the defendant answered, admitting the execution of the note, but averring that it was executed for the same amount as, and in lieu of, another promissory note, payable in a bank of this State, executed without any consideration therefor to a third person, who, before maturity, endorsed the same to the plaintiff for an amount much less than its face, and that the latter had falsely and fraudulently represented to the defendant that he had paid the full face thereof, thereby inducing the execution of the note in suit. Prayer for a reduction of the recovery to the amount actually paid by the plaintiff, with interest.

*Held*, on demurrer, that the answer is insufficient.

From the Tippecanoe Circuit Court.

*W. D. Wallace* and *A. Rice*, for appellant.

*G. O. Behm, J. Park* and *A. O. Behm*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below, upon a promissory note, of which the following is a copy:

"$400.                        LAFAYETTE, Ind., June 26th, 1875.

"On November 10th, 1875, after date, I promise to pay to the order of Martin Lucas four hundred dollars, at the Indiana National Bank of Lafayette, with interest at the rate of ten per cent. per annum from May 10th, 1875; value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and · notice of protest and non-payment of this note. If this note is not paid at maturity, the undersigned agrees to pay expenses of collection, including attorney's fees.

(Signed,)            · "W. P. MURPHY."

Appellee's complaint was in the usual form, and he al-

leged that said note and interest were due and unpaid, and demanded judgment for eight hundred dollars, and other proper relief.

The appellant answered in two paragraphs, in substance, as follows:

1. For "partial answer" to appellee's complaint, the appellant said, that, on May 10th, 1875, he was induced, by the false and fraudulent representations of one E. E. Jones, who was an entire stranger to appellant, and was then travelling about the country pretending to sell a certain pretended patent-right, called "Wm. G. Hermance's Improved Lifting Jack," to execute and deliver to said E. E. Jones his promissory note for $400, of that date, payable six months thereafter, to the order of said E. E. Jones, at the First National Bank of Indianapolis, Indiana, a copy of which note was set out in said answer; and appellant said that there was no consideration whatever for said note; that, after his execution thereof, said E. E. Jones, without appellant's knowledge, assigned the same, by writing his name on the back thereof, to the appellee; that afterward, on June 26th, 1875, the appellee, through his attorneys, informed the appellant, that he held said note and would insist on its payment, unless the the appellant would give a new note, in lieu thereof, directly to appellee; that the appellant at once informed said attorneys, that said note was a fraud and swindle upon him, and had been given without any consideration whatever, and that he ought not to pay the same; that said attorneys thereupon assured the appellant, that the appellee had paid the said Jones for said note the full face thereof, without any knowledge or suspicion that the same was secured by fraud and without consideration, and that, as the note was payable in bank, and was in the hands of an innocent purchaser, he, the appellant, could not avail himself of any defence to the note; that, relying upon these representations, and particularly upon the representation that the appellee had paid for said note

the full face thereof, the appellant executed to appellee the note sued on, in lieu of his said note to E. E. Jones, and received the latter from the appellee, and upon no other consideration whatever. And the appellant averred, that the appellee only paid a nominal sum for said note executed by appellant to said Jones, and did not pay therefor more than fifty per cent. thereof, instead of the full face of said note; wherefore the appellant prayed, that the appellee should be limited in his recovery in this action to the amount actually paid by him for said note to E. E. Jones, with legal interest thereon from the date of such payment, and for other proper relief.

2. In the second paragraph of his answer, the appellant stated substantially the same matters as he had stated in his first paragraph, except as to the consideration of his note to E. E. Jones, which he set out in said second paragraph, in substance, as follows: That the consideration of said note was, that said Jones would deliver to appellant, without delay, 200 of the said lifting jacks, and would forthwith appoint sub-agents in each of the townships in said Tippecanoe county, who would canvass said townships and sell said lifting jacks and send the purchasers to appellant to get the lifting jacks and pay him the money therefor, and thus enable him to dispose of the said lifting jacks by him so purchased and to be delivered to him; that said Jones had not delivered to appellant said 200 lifting jacks, nor any of them, and had not appointed a sub-agent in any township of said county; and the appellant said, that "the whereabouts and place of residence of the said E. E. Jones" were to him unknown, and he had never seen said Jones after the said 10th day of May, 1875; and, therefore, the appellant said, that the consideration of his said note to said E. E. Jones had wholly failed.

This second paragraph was also filed as a "partial answer" to appellee's complaint, and the same relief was asked for therein, as in the first paragraph of answer.

To each of said paragraphs of answer the appellee demurred, upon the ground that it did not state facts sufficient to constitute a defence to this action, which demurrers were severally sustained by the court below, and to each of these decisions the appellant excepted; and, the appellant declining to answer further, judgment was rendered on the demurrers, in favor of the appellee and against the appellant, for the amount due on the note in suit.

In this court the appellant has assigned, as errors, the decisions of the court below, in sustaining the appellee's demurrers to each of the paragraphs of his answer.

The question presented for our consideration by these alleged errors may be thus stated: Could the appellee, as the *bona fide* endorsee, for value, without notice and before maturity, of the appellant's note to E. E. Jones, have sued the appellant and recovered the full amount of said note, after its maturity, if the appellant had pleaded in such suit the same facts set up by him in his answers in this action? If the appellee, in a suit on the Jones note against the appellant, could not have recovered, under the facts stated, any more than the sum paid by appellee to Jones for said note and interest on said sum, it seems to us, that the sum so paid, with interest, would also be the proper measure of his recovery in this action, on the note now in suit. But if, in an action by appellee, against appellant on the Jones note, the appellee would have been lawfully entitled, under the facts stated and the law applicable thereto, to recover from the appellant the full amount of said note and interest, then the facts stated in appellant's answers would not be available to him as even partial defences to appellee's action on the note now in suit. For, if the appellee could have recovered, under the facts pleaded, from the appellant, the full amount of the Jones note, then the surrender of that note, by the appellee, to the appellant, was a full and sufficient consideration for the execution, by the latter, to the former, of the note now sued upon.

It appears in each paragraph of appellant's answer, that the Jones note, executed by the appellant, was payable six months after date, to the order of E. E. Jones, at the First National Bank of Indianapolis, Indiana; and that, long before the maturity of said note, the said E. E. Jones had endorsed the same to the appellee. By the 6th section of "An act concerning promissory notes, bills of exchange," etc., approved March 11th, 1861, it is provided as follows:

"Sec. 6. Notes payable to order or bearer in a bank in this State, shall be negotiable as inland bills of exchange, and the payees and endorsees thereof may recover as in case of such bills." 1 R. S. 1876, p. 636.

The appellant has not claimed in either paragraph of his answer, that the appellee did not purchase the Jones note before it was due, in good faith, for a valuable consideration, and without any notice of any defence thereto by the appellant. The case stated in appellant's answers, therefore, is governed by the law merchant, as applicable to inland bills of exchange. Under this law, when the action is between two parties to such a note, who stand in immediate connection with each other, such as the maker and payee, or the endorsee and his immediate endorser, the consideration which passed between such parties, as between themselves, may be a subject of inquiry, or a matter of defence. But where, as in the case at bar, the action is by the endorsee against the maker of a promissory note governed by the law merchant, if it be conceded, as in this case, that the plaintiff is an innocent purchaser, in good faith and without notice, before maturity, of the note sued upon, the amount paid by plaintiff, in the purchase of said note, is a matter of no possible interest to the defendant, as it can not afford him even a partial defence, in such action. In such a case, the measure of the plaintiff's recovery from the maker of the note is the amount due on the note, and not the amount paid by the plaintiff, in the purchase of said note;

and the want or failure of consideration, in whole or in part, of such a note, as between the maker and the payee thereof, can not be set up as a defence by the maker, in an action against him by the endorsee of such note. Under the law merchant, which governs the negotiability of inland bills of exchange, and fixes the liabilities of the parties thereto, the endorsee in good faith, for a valuable consideration, before maturity, and without notice, of such a note as the one described in appellant's answers, takes such note free from all the equities and defences which may have existed between the maker and the payee thereof.

In our opinion, therefore, the court below did not err, in sustaining the appellee's demurrers to either paragraph of appellant's answer.

The judgment of the court below is affirmed, at appellant's costs.