58   425
132   554

58   425
166   424

CORNELL *v.* NEBEKER ET AL.

PROMISSORY NOTE.—*Payable in Bank.—Action by Endorsee.—Alteration.— Negligence of Maker.*—In an action on a promissory note, payable in bank, against the maker, by an innocent endorsee thereof for value and before maturity, wherein the defendant answered *non est factum*, and also specially alleging an alteration of the note after its execution, the plaintiff replied that *such alteration consisted merely in the removal from such note of a written stipulation, which was so attached that it could be separated from the note so as to leave the latter a perfect, negotiable instrument; that such stipulation had been so removed, without the knowledge of the plaintiff, prior to his purchase thereof; and that the defendant, at the time he executed the note, was intelligent and able to read the contents of the note.*

*Held*, on demurrer, that the reply is sufficient.

From the Fountain Circuit Court.

*J. Ristine* and *G. Mc Williams*, for appellant.
*S. M. Cambern* and *L. Nebeker*, for appellees.

PERKINS, J.—Suit by appellees, as endorsees, against appellant, as maker, of a promissory note, payable in a bank in this State.

Answer:

1. General denial.

2. That, when the note was executed, it had a condition annexed thereto, that the same was not to be paid if sales of machines, viz., Drake's Hay-Fork and Hay-Carrier, were not made, equal to the amount of the note, etc.; that the writing sued on is not the note appellant, defendant below, signed; that the same has been altered in this, that the condition heretofore recited has been taken off, without his knowledge or consent, etc. See *Cornell* v. *Nebeker*, 48 Ind. 463.

The plaintiffs replied in two paragraphs, as follows:

"1st. The plaintiffs, for a reply to the second and third paragraphs of defendant's answer, deny each and every allegation therein contained.

"2d. Plaintiffs, for a further reply to the second and third paragraphs of defendant's answer, say, that they purchased the note herein sued on, before the same became due, and for a valuable consideration; that, when they purchased said note, there was no condition attached thereto, such as is mentioned and described in defendant's answer, nor of any other kind; that plaintiffs had no knowledge, or any intimation, at the time they bought said note, that any condition belonged to said note, or had ever, at any time, been attached thereto; that they have at no time ever, either by themselves or agents, nor has any other person, by their knowledge or permission, removed or detached from said note any part thereof, nor any condition, nor any written or printed matter whatever; that the note sued on is now, and ever since their purchase thereof aforesaid, and at and since the time the same was presented to them for discount, has been, the same as set forth in the complaint, so far as the language was concerned; that the note so presented to them, as aforesaid,

was in the usual and ordinary way and form of a prom-
issory note payable in a bank in this State, except the
clause following, to wit:   'Or before, if made out
of the sale of Drake's Horse Hay-Fork and Hay-Car-
rier,' and was upon paper of ordinary size, with a
stub attached in the usual form, and of the usual size;
that all the written and printed matter contained in said
note, including the signature of the defendant, was en-
closed and surrounded by a double marginal line, being
one heavy and one light line, parallel and near to each
other, and from within one-eighth to one-fourth of one
inch to the edge of the paper; that all the space outside
of said marginal line was and is perfectly blank, except
the left hand end, to which the stub aforesaid was at-
tached; also, that there was a space of about one inch in
width across said paper, between said marginal line and
the body of said note, with nothing thereon except the word
'Witness,' and three dotted lines for signatures, being one
for witness and two for makers, printed thereon, and the
signatures of defendant and one witness written thereon;
that the edges of said paper were cut straight and smooth,
and that there were no indications whatever upon either
side of said paper, which would indicate or tend to in-
dicate that the said note was incomplete, or that any thing
had been attached thereto.

"Plaintiffs say they were then, and are now, doing a
banking business, and were in the habit of discounting
paper, and that they bought the note sued on upon the
credit of the maker thereof.

"Plaintiffs further say, that defendant is and was a man
of intelligence, and of sufficient education to enable him to
read both written and printed matter with ordinary ease.
And plaintiffs say, that, if any written or printed matter
of any kind was annexed or attached to said note, at the
foot thereof, or to any other part thereof, the facts hereto-
fore stated, concerning the shape and style of said note, and
the relative positions of said note, and any condition or

other matter attached as aforesaid, would have enabled him, or any other man exercising ordinary care, to know that such condition or other matter could be removed and detached from said note without leaving any marks or other indications of such removal whatever, and leaving such note complete and perfect.

" Wherefore plaintiffs say, that, if the facts stated in the said answer are true, the defendant was guilty of carelessness and negligence in putting into circulation the note aforesaid, and is thereby estopped from maintaining his defence in said paragraphs of answer stated.

> " NEBEKER & CAMBERN,
> "Attorneys for plaintiffs."

A demurrer to the second paragraph of reply was overruled and exceptions saved; thereupon the plaintiffs withdrew the first paragraph of their reply, the general denial; whereupon the cause was submitted to a jury, who returned a verdict for the plaintiffs for the amount of the note.

A motion for a new trial was interposed, was overruled, and judgment was rendered on the verdict.

The only error properly assigned is the overruling of the demurrer to the second paragraph of the reply.

The court did not err in its ruling upon the paragraph of reply. It fully avoided the answer. This is settled by an authority in point, a decision in which we fully concur. In *Zimmerman* v. *Rote*, 75 Pa. St. 188, which was a suit upon a promissory note, the opinion of the court was as follows:

" The first question upon the note in this case as to its negotiability is settled by the decision in *Zimmerman and Herdic* v. *Anderson*, heard at Philadelphia at January term, 1871. * *

" We there held that the waiver of appeal, valuation and appraisement, stay of execution, and exemption, contained in the note does not destroy its negotiability: 17 P. F. Smith, 421.

"The other question as to the alleged forgery or mutilation of the note by cutting off a separate agreement written at one end of the paper on which the note is written, is also settled by the case of *Phelan* v. *Moss*, 17 P. F. Smith, 59, in which it was held that the note in the hands of a *bona fide* holder without notice of the fraud and for a valuable consideration, is not affected by the separation of the written agreement, there being nothing on the face of the note to indicate that the writing had ever constituted a part of the note. The same principle is recognized in *Garrard* v. *Haddan*, 17 P. F. Smith, 82. It is the duty of the maker of the note to guard not only himself but the public against frauds and alterations, by refusing to sign negotiable paper made in such a form as to admit of fraudulent practices upon them, with ease and without ready detection."

The above case is cited as authority in *Chapman* v. *Rose*, 56 N. Y. 137. It is sustained in principle by *Nebeker* v. *Cutsinger*, 48 Ind. 436, and *Steele* v. *Moore*, 54 Ind. 52.

It is only necessary to reflect for a moment upon the extent to which negotiable paper is made to supply the place of a circulating medium, to become impressed with the truth, that public policy demands such a line of judicial decision as will tend to give confidence in such paper, by securing the rights of the *bona fide* holder.

Other questions were made in the case below, but they are not presented to this court.

The judgment is affirmed, with costs.