BREMMERMAN ET AL. *v.* JENNINGS ET AL.

PROMISSORY NOTE.—*Payable in Bank.*—*Action by Assignee.*—*Fraud.*—*Failure of Consideration.*—*Rescission.*—*Verdict.*—*Special Finding.*—*Judgment non obstante.*—In an action by an assignee, against the maker, on a promissory note payable in a bank in this State, wherein fraud, failure of consideration and rescission, of which the plaintiff was alleged to have had due notice, were set up as defences, the jury trying the cause returned a general verdict for the defendant, and also found specially that the plaintiff had purchased the note in suit before its maturity, for a valuable consideration, and without any notice or knowledge of any defence thereto. *Held,* that such special findings were inconsistent with, and controlled, the general verdict, and that the plaintiff was entitled to judgment.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellants. *J. Stafford* and *D. Moss*, for appellees.

HOWK, J.—This was an action by the appellants, as plaintiffs, against the appellees, as defendants, upon a promissory note, of which the following is a copy:

"$200. DEMING, IND., April 29th, 1876.

" Six months after date, I promise to pay John Hollo-way, or order, two hundred dollars, and five per cent. thereon for attorney's fees, value received, without any relief whatever from valuation or appraisement laws. Negotiable and payable at the Meridian National Bank of Indianapolis, Indiana, with ten per cent. interest until paid. (Signed,) JOSEPH L. JENNINGS."

Endorsed in blank : " JOHN HOLLOWAY,

"R. H. PILCHER."

The appellants alleged, in substance, in their complaint, that the note was endorsed by said John Holloway to Rufus H. Pilcher, and by said Pilcher to the appellants; that the appellee Joseph L. Jennings did not pay said note when due, upon due presentment and demand at the place where payable, of which the endorsers had due notice; and that the note. was due and wholly unpaid. Wherefore, etc.

To this complaint, the appellee Joseph L. Jennings answered in four paragraphs, in substance as follows :

1. A general denial;

2. That the note in suit and a written instrument, a copy of which was therewith filed, were executed by the appellee Jennings at one and the same time, as evidence of one and the same contract; that, to induce the appel-lee Jennings to execute said written instruments, an agent of a real or pretended firm, doing or pretending to do business under the name and style of John Holloway & Co., falsely and fraudulently represented to the appel-lee Jennings that said firm desired to constitute him, said Jennings, their sole agent to sell R. S. Caldwell's Vertical Cradle, for White River and Jackson townships, in Ham-ilton county Indiana, and that said John Holloway & Co. would furnish him one hundred of said cradles to sell in said townships, in the course of two weeks, and that all the appellee Jennings would have to do would be to sell said cradles and account to John Holloway & Co. for one-

half the net profits and the wholesale price of said cra-
dles, viz., four dollars for each furnished; that the appel-
lee Jennings would not be required to pay out any
money, or be at any expense of any kind, for the purchase-
money of said cradles, unless he sold them; that said
note and contract were required as evidence of the con-
tract and agency; and that, if he failed to sell said cra-
dles after a reasonable effort, then the said John Hollo-
way & Co. would take said cradles back, free of all ex-
pense to the appellee Jennings; that the appellee Jen-
nings relied upon said representations and believed them
to be true, and that, by reason of said false and fraudulent
representations, he was induced to and did execute said
note and contract; that said John Holloway & Co. failed
and refused to furnish any of said cradles, unless he,
Jennings, would pay four dollars for each one of them in
advance, and that they had wholly failed to furnish him,
Jennings, any of said cradles, pursuant to their represen-
tations; that the appellee Jennings was illiterate, and
read written or printed matter with great difficulty, and
did not understand the meaning of the words used in said
written contract; that he, Jennings, attempted to read
said writings, but they were partly written and partly
printed, and drawn up in a peculiar form, and he could not
succeed in reading and understanding their meaning, so
that he called upon the agent of said John Holloway &
Co. to read said writings; that said agent did read the
contract and note, according to their said verbal under-
standing, and not as they really were, but he falsely and
fraudulently read them differently from the way they
were written; that by means of said false reading he,
the said Jennings, was induced to execute said writings;
that he was poor and unable to furnish the money, two
hundred dollars, in advance, as required by the writing
filed with said paragraph, and did not intend to sign any
such contract and note, and pay two hundred dollars ab-
solutely, whether he sold said cradles or not. Wherefore

the appellee Jennings said that the consideration of said note had wholly failed; that the appellants were not innocent holders of the note in suit, but that they had full knowledge of all the facts set out in this paragraph, when they purchased said note;

3. The appellee Joseph L. Jennings said, that the original payee of the note in suit, while yet the owner thereof, and before the endorsement of said note to the appellants, he and the payee of said note, for a valuable consideration, mutually rescinded the execution of the note sued on, and the then payee of said note agreed to deliver up the same in one week, or as soon as he could procure the same, it then being some distance away, all of which facts the appellants well knew at the time they purchased said note. Wherefore the appellee Jennings demanded judgment, etc.; and,

4. That the appellee Jennings executed said note without any consideration whatever, of which fact the appellants had full knowledge when they purchased said note. Wherefore the appellants asked to be hence dismissed.

The appellants demurred to each of the second, third and fourth paragraphs of the answer of the appellee Joseph L. Jennings, for the alleged insufficiency of the facts therein to constitute a defence to their action, which demurrers were severally overruled, and to these decisions they excepted They then replied by general denial to said paragraphs of answer.

The issues joined were tried by a jury, and a general verdict was returned for the appellees. With their general verdict, the jury also returned into court their special findings on particular questions of fact submitted to them by the appellants, under the direction of the court, as follows:

"1st. Does it appear, from the evidence in this cause,

that the plaintiffs purchased the note sued on for a valuable consideration, before due?

" Answer.   Yes.

" 2d.   Does. it appear, from the evidence in this cause, that, at the time of said purchase, plaintiffs had notice or knowledge of any defence to said note, which defendant has alleged?

" Answer.   No.

" 3d.   What is the amount of the principal and interest of the note sued on?

" Answer.   Two hundred and sixteen dollars and seventy cents ($216.70)."

The appellants moved the court for a judgment in their favor, on the special findings of the jury, notwithstanding their general verdict, which motion was overruled, and to this decision they excepted.   Thereupon the court rendered a judgment on the general verdict, from which judgment this appeal is now prosecuted.

In this court, the appellants have assigned as errors the several decisions of the court below, adverse to them. In our view of this case, however, it is only necessary for us to consider the alleged error of the court in overruling the appellants' motion for judgment in their favor on the special findings of the jury, notwithstanding the general verdict.

In this action, as we have seen, the appellants, as endorsees, have sued the appellee Joseph L. Jennings, as the maker, of a promissory note payable to order in a bank in this State.   In section 6 of " An act concerning promissory notes, bills of exchange," etc., approved March 11th, 1861, it is provided, that such notes " shall be negotiable as inland bills of exchange, and the payees and endorsees thereof may recover as in case of such bills."   1 R. S. 1876, p. 636.

It is well settled, that, under the law merchant, which governs the negotiability òf inland bills of exchange and fixes the liabilities of the parties thereto, the purchaser

:and endorsee, for a valuable consideration, before maturity .and without notice, of such a note as the one sued on in this action, will take such note free from any equities or ·defences which might exist as between the maker and :the payee thereof. *Murphy* v. *Lucas,* 58 Ind. 360.

In section 337 of the practice act, it is provided, that, ·" When the special finding of the facts is inconsistent with the general verdict, the former shall control the lat- ·ter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172. *Thompson* v. *The Cincinnati, etc., R. R. ·Co.,* 54 Ind. 197, and *Eckleman* v. *Miller,* 57 Ind. 88.

In the case at bar, the jury found specially, that the ·appellants purchased the note in suit before its maturity, for a valuable consideration, and without any notice or knowledge of any defence to said note. It needs no ar- gument, we think, to show that the special findings of ·the jury in this case were utterly inconsistent with their ;general verdict. It follows, therefore, logically and ·legally, that the court below erred in overruling the ap- pellants' motion for judgment in their favor, on the spe- ·cial findings of the jury, notwithstanding their general ·verdict. *Nebeker* v. *Cutsinger,* 48 Ind. 436, *Cutsinger* v. *Nebeker,* 58 Ind. 401, and *Cornell* v. *Nebeker,* 58 Ind. 425.

The judgment is reversed, at the appellees' costs, and ·the cause is remanded, with instructions to the court be- low to render judgment in the appellants' favor, on the ,special findings of the jury, notwithstanding their gen- eral verdict, with interest thereon from the 2d day of March, 1877, the date of the return of such special find- ·ings.