## MAXWELL ET AL. *v.* MOREHART.

PROMISSORY NOTE.—*Payable in Bank.*—*Negligence.*—One, who, supposing that he is executing a simple article of agreement, executes a promissory note payable in bank, is guilty of negligence, and is liable thereon to a *bona fide* endorsee for value and before maturity, though given wholly without consideration.

From the Pulaski Circuit Court.

*S. Adams, G. T. Wickersham* and *R. O. Johnson,* for appellants.

HOWK, J.—This was a suit by the appellants, against the appellee, on a promissory note, of which the following is a copy :

" $120.00    OAK PORT, INDIANA, July 6th, 1875.

" Four months after date, I promise to pay to the order of William Hammond, at the First National Bank of Delphi, one hundred and twenty dollars, with interest at the rate of ten per cent. per annum after maturity, the interest until maturity at that rate having been paid in advance, and attorney's fees, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest, notice of protest and non-payment of this note.

(Signed,)         " DAVID MOREHART."

It was alleged in the appellants' complaint, *inter alia,* that the note, before maturity, was assigned to the appellants, " by endorsement thereon in writing," and a copy of the note and of its endorsement was filed with and made parts of the complaint, and that the note was due and wholly unpaid. Wherefore, etc.

To the appellants' complaint, the appellee answered in two paragraphs, in substance as follows :

1. A general denial ; and,

2. That the payee of the note, William Hammond,

came to the appellee's house, in Van Buren township, Pulaski county, Indiana, and represented to the appellee, that he was appointing agents throughout the county, for the sale of a new and valuable improvement in churns, called the "Johnson Smith" churn, and that he desired to appoint the appellee his agent for the sale of said churns, for said Van Buren township; and it was agreed by and between the appellee and said William Hammond, that the appellee should accept such agency; that, during the negotiations relating to such contract, nothing was said between said parties about the execution of a promissory note by the appellee to the said Hammond, or to any one else; that it was agreed and understood that the appellee, if he should accept such agency, was to sell such churns, and account to said Hammond, or to his agent, for the proceeds arising from the sale thereof, after deducting his commissions for such sales, and that a settlement was to be had and made between the parties every four months; that the appellee was to keep, as commission, a per cent. of the gross amount of sales, and pay the residue of such sales to said Hammond, at the time of such settlements; that the said Hammond made no mention, during all of said negotiations, about any promissory note, or about any amount to be paid by the appellee, except as hereinbefore specified; that no such note as was in the complaint named was read to or shown the appellee by said William Hammond, and that, if any such note was contained in the paper signed by the appellee, it was so disguised and concealed by said Hammond and the language of said agreement, that the appellee could not, with reasonable diligence, have discovered the same; that the appellee was a farmer, and not accustomed to trade in such things, nor in patents of any kind; that the appellee was defective in his eyesight and could not see to read writing or print, without spectacles, and had no spectacles at the

Maxwell *et al.* *v.* Morehart.

time, and was unable to read any thing written, and merely signed his name on the paper at the place specified and pointed out to him by said Hammond; that he, the appellee, never gave said note to said Hammond or to any other person, and that, if his signature was to said note, it was obtained thereto without his knowledge or consent, and by some fraudulent means to him unknown, and which he could not have prevented by the use of due diligence; that he had never sold or disposed of any of said " Johnson Smith " churns. Wherefore the appellee said, that he should not be compelled to pay said note, and asked judgment for costs.

To this second paragraph of answer the appellants demurred, upon the ground that it did not state facts sufficient to constitute a defence to their action; which demurrer was overruled by the court, and to this ruling they excepted, and then replied to said paragraph, by a general denial thereof.

The issues joined were tried by a jury, and a verdict was returned for the appellee; and the appellants' motion for a new trial having been overruled and their exception entered to this decision, judgment was rendered on the verdict.

The appellants have assigned as errors the following decisions of the court below:

1. In overruling their demurrer to the second paragraph of appellee's answer; and,

2. In overruling their motion for a new trial.

The controlling question for decision in this case, as it seems to us, is this: Are the facts stated in the second paragraph of the appellee's answer, sufficient to constitute a valid defence in his behalf to the appellants' suit on his note, under the law of this State?

The appellee was a witness for himself on the trial, and in his evidence he testified, substantially, to the same facts,

set up by him as a defence in the second paragraph of his answer. If, therefore, those facts were sufficient to constitute a defence for him to the appellants' action, it might well be said, we think, that there was evidence in the record, tending to sustain the verdict, and we could not disturb it. So that the only question for our decision is, are the facts pleaded by the appellee in the second paragraph of his answer a valid and legal defence for him to the appellants' action ?

· The note in suit was payable at a bank in this State, to the order of the payee. It was negotiable, therefore, as an inland bill of exchange, and the appellants, as the endorsees thereof, might recover thereon as upon such a bill. 1 R. S. 1876, p. 636, sec. 6. In other words, the note sued upon in this action is governed by the law merchant, as applicable to inland bills of exchange. Under the law merchant, the appellants, as the endorsees of the note in suit, before its maturity, in good faith, for a valuable consideration and without notice, (all of which must be presumed, in the absence of any averment or showing by the appellee to the contrary,) took such note free from all the equities and defences which might have existed between the appellee, as the maker, and the said William Hammond, as the payee, of such note. *Murphy* v. *Lucas*, 58 Ind. 360 ; *Cornell* v. *Nebeker*, 58 Ind. 425 ; *Bremmerman* v. *Jennings*, 60 Ind. 175 ; and *Bremmerman* v. *Jennings*, 61 Ind. 334.

Perhaps, the facts stated in the second paragraph of the appellee's answer in this case would have constituted a good defence for him to a suit on the note by William Hammond, the payee thereof; but, however this might have been, it is very certain, we think, that the rights of the appellants, as the endorsees of the note in good faith, without notice and for a valuable consideration, before the maturity of the note, ought not to have been, and were not,

affected by any of the facts alleged in said second paragraph of answer. It can not be questioned, as it seems to us, that the appellee, upon the facts stated in said second paragraph of his answer, was guilty of negligence in failing to use reasonable care to inform himself of the character and contents of the instrument he executed; and in such a case, having executed, as he did, a note negotiable as an inland bill of exchange, he must be held liable to the appellants, as the endorsees of such note, before maturity, in good faith, without notice and for a valuable consideration. *Nebeker* v. *Cutsinger,* 48 Ind. 436; and *Cornell* v. *Nebeker, supra.*

For the reasons given, it is very clear, we think, that the court erred in overruling the appellants' demurrer to the second paragraph of the appellee's answer.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the appellants' demurrer to the second paragraph of the appellee's answer, and for further proceedings in accordance with this opinion.