No. 9886.

COFFING v. HARDY ET AL.

86    369
156    68

PROMISSORY NOTES.—*Payable in Bank in this State.—Inland Bill of Exchange. —Suit by Endorsee Against Maker.—Complaint.*—In a suit by the endorsee against the maker of a promissory note payable at a bank in this State and negotiable as an inland bill of exchange, the complaint will be sufficient, even on demurrer for want of facts, if it allege the making of the note by the defendant, a copy of which is therewith filed, the endorsement of such note to the plaintiff, and that it is due and unpaid.

SAME.—*Sufficiency of Answer.—Demurrer.*—In such a suit an answer that the note in suit was given without any consideration whatever is bad on demurrer for the want of sufficient facts.

SAME.—*Law Merchant.—Equities and Defences.*—Under the law merchant, which governs the negotiability of inland bills of exchange and fixes the liabilities of the parties thereto, the endorsee before maturity, in good faith and without notice, of a promissory note payable in a bank in this State, takes the same as against the maker thereof freed from all the equities and defences which may have existed between such maker and the payee thereof.

SAME.—*Bank in this State.—Defence.*—Where the note in suit purports on its face to be payable in a bank in this State, and it is claimed that such bank is not a bank within the meaning of the statute, this is matter of defence to be shown by the defendant in his answer and evidence.

From the Fountain Circuit Court.

*M. Milford* and *I. E. Schoonover*, for appellant.
*L. Nebeker* and *H. H. Dochterman*, for appellees.

Howk, J.—This was a suit by the appellees, as the endorsees, against the appellant, as the maker, of a promissory note. The cause was put at issue and tried by a jury, and a general verdict was returned for the appellees. Over appellant's motion for a new trial, the court rendered judgment on the verdict.

The following errors are properly assigned by the appellant in this court:

1. The trial court erred in sustaining appellees' demurrer to the second paragraph of his answer;

2. The court erred in overruling his motion for a new trial; and,

3. The appellees' complaint does not state facts sufficient to constitute a cause of action.

The appellant has also assigned as errors certain matters which would have constituted proper causes for a new trial, in his motion therefor; but such matters, as we have often decided, do not constitute proper assignments of error, and, as such, present no question for our decision. *Freeze* v. *DePuy,* 57 Ind. 188; *Todd* v. *Jackson,* 75 Ind. 272; *Ramsey* v. *Rushville, etc., G. R. Co.,* 81 Ind. 394.

The sufficiency of the complaint was not called in question by the appellant, in the circuit court, either by a demurrer for the alleged want of facts, or by a motion in arrest of judgment; but its sufficiency is questioned here for the first time, by the assignment as error of its want of sufficient facts. It was alleged in the complaint, that, "on the 25th day of January, 1881, the defendant Smith Coffing, by his promissory note (a copy of which is herewith filed), promised to pay to John Casey the sum of one hundred and fifty dollars, with interest and attorney's fees, without any relief from valuation or appraisement laws, at Farmers' Bank, Covington, Indiana, which said note the said John Casey endorsed to the plaintiffs,

before the same was due. The said note is due and wholly unpaid, and the plaintiffs aver, that the attorney's fees, provided for in said note, are worth two hundred dollars. Wherefore," etc. The note in suit, as shown by the copy thereof filed with the complaint, was payable six months after date to the order of John Casey, "negotiable and payable at Farmers' Bank, Covington, Indiana."

The only objection to the sufficiency of the complaint is thus stated, in argument, by the appellant's counsel: "There is no averment in the complaint that 'Farmers' Bank,' Covington, Indiana, is a bank of deposit, discount, issue, or where bills of exchange are bought and sold, or that it is a bank organized under, or pursuant to, any State or National law. How, then, can a court say that a place called 'Farmers' Bank' is a bank under and according to the law merchant? It may be a bucket-shop, or a saw-mill, or a ten-pin alley, and yet named 'Farmers' Bank.' The complaint does not aver that this so-called bank possesses any of the qualities requisite to constitute a bank under the law."

It is very clear, that this objection to the sufficiency of the complaint is not well taken. The complaint stated a cause of action against the appellant; good even on a demurrer thereto for the want of sufficient facts, whether the note in suit was payable at a bank in this State or not. But we apprehend that appellant's counsel have made their argument against the complaint, with a view of cking out the second paragraph of the answer, to which the court sustained a demurrer for the want of sufficient facts. This ruling of the court is assigned as error. The second paragraph of answer reads as follows:

"Defendant, for further answer to plaintiffs' complaint herein, says, that the note sued upon, in this action, was given wholly and entirely without any consideration whatever."

In section 5506, R. S. 1881, in force since July 5th, 1861, it is provided as follows: "Notes payable to order or bearer

in a bank in this State shall be negotiable as inland bills of exchange, and the payees and endorsees thereof may recover, as in case of such bills."

Under this section of the statute, the note in suit was negotiable as an inland bill of exchange, and the appellant, as the maker thereof, was liable to the appellees, as its endorsees, for the amount due thereon, whether it was given without consideration or not. The law merchant governs the negotiability of inland bills of exchange, and fixes the liabilities of the parties thereto. Under this law, the endorsee before maturity, in good faith and without notice, of such a note as the one in suit, takes the same, as against the maker thereof, freed from all the equities and defences which may have existed between such maker and the payee of the note. *Murphy* v. *Lucas*, 58 Ind. 360 ; *Burroughs* v. *Wilson*, 59 Ind. 536 ; *Bremmerman* v. *Jennings*, 61 Ind. 334 ; *Morrison* v. *Fishel*, 64 Ind. 177.

The note in suit in the case at bar purported on its face to be payable in a bank in this State, and was therefore negotiable as an inland bill of exchange. If, in fact, the "Farmers' Bank, of Covington, Indiana," was not a " bank in this State " within the meaning of that expression as used in the statute, the fact would have constituted matter of defence, of which the appellant might have availed himself in his pleadings and evidence. The court did not err in sustaining the demurrer to the second paragraph of answer.

There is evidence in the bill of exceptions tending to sustain the verdict on every material point, and in such case we can not disturb the verdict on the weight of the evidence. The motion for a new trial was, we think, correctly overruled.

The judgment is affirmed, with costs.