People's State Bank *v.* Ruxer.

---

## People's State Bank *v.* Ruxer.

[No. 4,332. Filed May 26, 1903.]

Bills and Notes.—*Fraud as to Consideration.*—Fraud in the procurement of the contract for, or in connection with, the consideration of a negotiable promissory note, will not bar a recovery by an innocent holder. *p. 246.*

Same.—*Fraud in Procuring Signature.*—Where the signature to a note is secured by fraud going to the character of the paper, its maker having no intention of signing a note, he will, in the absence of negligence in affixing his signature or in failing to discover the fraud, be no more bound by it than he would be if the signature were a total forgery. *p. 246.*

Same.—*Fraud in Procuring Signature.—Answer.*—In an action on a negotiable note by an innocent holder, an answer alleging that "if the signature is genuine, it was obtained by fraud, either in substituting the note for an insurance application or reading the same incorrectly or by means of a carbon transmitter," is insufficient, where there were no averments showing diligence on the part of defendant, and no excuse for want of negligence shown except that defendant was "not educated in the English language as it is printed." *pp. 246, 247.*

From Spencer Circuit Court; *E. M. Swan,* Judge.

Action by People's State Bank against Frank X. Ruxer. From a judgment for defendant, plaintiff appeals. *Reversed.*

*L. H. Fisher, A. L. Gray, Henry Kramer, F. A. Heuring, W. L. May, C. F. Coffin* and *H. S. McMichael,* for appellant.

*W. C. Mason, W. E. Cox* and *W. S. Hunter,* for appellee.

ROBY, J.—Suit upon a negotiable promissory note, alleged to have been executed by the appellee and indorsed to appellant by the payee, before maturity, in the regular course of business, it paying a valuable consideration therefor and being without notice of any defenses thereto. Verdict and judgment for appellee. The court overruled appellant's demurrer to the fourth paragraph of appellee's answer, and such action is assigned as error.

Fraud in the procurement of the contract for or in connection with the consideration of a negotiable promissory note, in the hands of an innocent holder, will not bar his recovery. *First Nat. Bank* v. *Lotton,* 67 Ind. 256; *Woollen* v. *Ulrich,* 64 Ind. 120; *Cornell* v. *Nebeker,* 58 Ind. 425; *Dutton* v. *Clapper,* 53 Ind. 276; *Hereth* v. *Merchants Nat. Bank,* 34 Ind. 380; *Thomas* v. *Ruddell,* 66 Ind. 326; *Brickley* v. *Edwards,* 131 Ind. 3, 7; *Bremmerman* v. *Jennings,* 61 Ind. 334; *Maxwell* v. *Morehart,* 66 Ind. 301.

Where the signature to a note is secured by fraud going to the character of the paper, its maker having no intention of signing a note, he will, in the absence of negligence in affixing his signature, or in failing to discover the fraud, be no more bound by it than he would be if the signature were a total forgery. *Cline* v. *Guthrie,* 42 Ind. 227, 13 Am. Rep. 357; *Detwiler* v. *Bish,* 44 Ind. 70; *Nebeker* v. *Cutsinger,* 48 Ind. 436; *Webb* v. *Corbin,* 78 Ind. 403, 406; *Baldwin* v. *Fagan,* 83 Ind. 447.

The fourth paragraph of answer contains averments tending to show fraud as affecting the consideration for the

note.   It contains no direct averment that appellee did not sign the note, nor that his signature was procured by fraud, except as such conclusion may be deduced by inference from the statement that, if his signature is genuine, it was obtained by fraud, either in substituting the note for an insurance application or reading the same incorrectly or by means of a carbon transmitter.   No diligence on appellee's part is shown, and the only excuse attempted is that he is "not educated in the English language as it is printed."   It is no hardship to require a direct statement of the defense relied upon.   The averments in the pleading under consideration are in the alternative, are ambiguous, and therefore insufficient.   *Wheeler* v. *Thayer,* 121 Ind. 64, 67;  *Hatfield* v. *Cummings,* 142 Ind. 350, 353.

The facts stated do not show fraud in procuring the signature, and, adopting the theory disclosed by them, the answer is bad.   *Kimble* v. *Christie,* 55 Ind. 140.   If the pleading were given the construction and effect claimed for it by the appellee, it would still be insufficient for want of facts showing diligence on his part.   *Lindley* v. *Hofman,* 22 Ind. App. 237.

Judgment reversed, and cause remanded, with instruction to sustain the demurrer to the fourth paragraph of answer, and for further proceedings not inconsistent herewith.