## Francis A. Helmer v. Adolph Krolick and others.

*Mortgages: Assignee: Negotiable paper: Bona fide holder.* An assignee of a mortgage given to secure the payment of a negotiable note is held entitled to the same protection that he would have as assignee of the note without the mortgage.

*Promissory notes: Payable on or before a specified time: Due: Bona fide purchaser.* A note which is payable "on or before three years from date" is not due until the three years has expired; and a purchaser for value within that time is entitled to the same protection as if the note were made payable three years from date.

*Negotiable paper: Bona fide purchaser: Bad faith of payee.* It cannot render a purchase of negotiable paper suspicious that the payee has an interest in getting it off his hands; this fact would not necessarily be known to the purchaser, or influence in any manner his action; and in determining whether a purchaser is entitled to be considered a *bona fide* holder, it is his *bona fides*, and not that of the payee, that is in question.

*Negotiable paper: Bona fide purchaser: Agent for collection.* The fact that the purchaser of negotiable paper, resident in a distant part of the state, employs to collect the same a person who is also agent for the payee, is not very significant as indicating want of good faith in the purchase.

*Heard April 11. Decided April 24.*

Appeal in Chancery from Ionia Circuit.

*Mitchel & Pratt,* for complainant.

*Wells & Morse,* for defendants.

COOLEY, CH. J:

Several interesting questions of law were discussed in this case, but in the view we take of the facts they cannot affect the decision.

The bill was filed to restrain the collection of a mortgage on complainant's lands, given by herself and her husband to secure the payment of a promissory note of four hundred and fifty-five dollars, made by Benjamin Helmer, the husband, payable to defendant Krolick, and which defendant Hill is now seeking to enforce. The grounds of relief which are relied upon are, that the note was given on a loan by Krolick to Helmer of three hundred and fifty dollars, and that usurious interest to the amount of one hundred and five dollars was included in it, which fact was concealed from complainant, and she was induced to mortgage her lands to secure the payment of the note under the belief, fraudulently induced, that the note was for three hundred and fifty dollars only. The note was payable to bearer, but it is claimed that Hill (the usury and fraud being made out by the evidence) is not entitled to the protection of a *bona fide* holder until he shows that he purchased the securities in good faith and for value paid before payment was due; and this it is claimed he has not done. Complainant has made a tender of the amount of the admitted loan and interest, and relies upon this as a discharge of the mortgage.

As the note was payable on or before three years from date, it will be apparent from the statement here made of complainant's case that it depends altogether upon the question whether Hill is or is not entitled to the protection which the law accords to a *bona fide* holder of negotiable paper. It has been decided in this state that the assignee of a mortgage which is given to secure the payment of a nego-

tiable note is entitled to the same protection that he would have as assignee of the note without the mortgage: *Dutton v. Ives, 5 Mich., 515;* and the case of defendant Hill is therefore relieved of one difficulty which would exist in states where a different conclusion has been reached on that point. It is also held that paper which is payable "on or before" a certain time, is not due until that time.—*Mattison v. Marks, 31 Mich., 421.* If, therefore, Hill is shown to have been holder of the securities for value before the three years had expired, his defense would seem to be complete.

The testimony of Krolick is, that he sold the note to Hill before it fell due, and received payment for it.    Hill is not called as a witness, and there is no other evidence on the point.    It is argued that Krolick's evidence is suspicious; that he had a motive in getting the note into the hands of a *bona fide* holder, knowing that a defense would be made to it in his hands; that the particulars of the transaction between him and Hill are not shown; that the securities were at once placed in the hands of an agent of Krolick for collection, and that in fact it is not shown that Hill ever had them at all.    Hill's possession of the securities before they were due is shown, however, by the fact that he sent them for collection enclosed in a letter written by himself.    There is force in some of the criticisms made to the testimony of Krolick, but not sufficient, we think, to justify us in rejecting it.    It cannot render a purchase of negotiable paper suspicious that the payee has an interest in getting it off his hands.    This fact would not necessarily be known to the purchaser, or influence in any manner his action; and in a case like this it is his *bona fides* that is in question, not that of the payee.    Nor is it a very significant fact that Hill employs to collect the moneys the person who is also agent for Krolick.    The debtor resided in a part of the state distant from Hill's place of residence, and if the transaction between Krolick and Hill was perfectly fair and legitimate the latter would be likely to seek from the former information regarding a suitable collecting agent.    Indeed he would be more likely to em-

ploy Krolick's agent under such circumstances than he would, if the parties were making a sham transfer, and were desirous of giving to it as much as possible an appearance of fairness. Other circumstances which have been commented, on as suspicious we do not consider in detail, because none of them singly, or all taken together, are sufficient to convince us that Hill has not shown himself a purchaser in good faith. They are circumstances that would be important in connection with others, but not of a convincing nature by themselves.

The decree dismissing the bill must be affirmed, with costs.

The other Justices concurred.