### RICHARD CARROLL *vs.* SAMUEL W. HAYWARD.

Worcester. Oct. 3, 1877. — March 1, 1878. ENDICOTT & LORD, JJ., absent.

In an action against an officer for the conversion of personal property attached as the property of A., it appeared that A. had previously sold it to B., by whom it was mortgaged to the plaintiff. The defendant contended that the sale and mortgage were in fraud of A.'s creditors. The judge instructed the jury that if the sale by A. to B. was made with intent to defraud A.'s creditors, and B. knew and participated in such intent, the sale was not valid as to A.'s creditors, unless the rights of some innocent party intervened; that if A. and B. had combined to defraud A.'s creditors, and the plaintiff knew of and participated in the fraud, his mortgage would not be valid as against A.'s creditors; and that, although the sale was fraudulent between A. and B., the plaintiff could recover if he took his mortgage in good faith. The plaintiff then asked the judge to rule that it was incumbent on the defendant to show that A. made the sale to B. with the purpose to defraud his creditors, and that the plaintiff had knowledge of such purpose. The judge refused to give this instruction, and ruled that if A. entertained such purpose, and the plaintiff had " reasonable cause to know " it, the plaintiff could not recover. *Held,* that the instructions, as originally given, were correct, but that the qualification subsequently added was erroneous, and afforded the plaintiff ground of exception.

TORT for the conversion of personal property, attached by the defendant, a deputy sheriff, as the property of John C. Cosgrove.

At the trial in the Superior Court, before *Dewey*, J., it appeared that Cosgrove had previously sold the property to Michael Bergin, who had mortgaged it to the plaintiff. The defendant contended that the sale of the property from Cosgrove to Bergin was fraudulent as against the creditors of Cosgrove, and that the mortgage from Bergin to the plaintiff was also made to hinder, delay and defraud the creditors of Cosgrove.

The judge instructed the jury that if the sale from Cosgrove to Bergin was made by Cosgrove with the intent to defraud the creditors of Cosgrove, and Bergin had knowledge of said intent and participated therein, then the sale to Bergin was not valid as to Cosgrove's creditors, unless the rights of some innocent party intervened, and the question was whether the plaintiff was so connected with the fraudulent sale as to prevent his mortgage from Bergin being valid as to Cosgrove's creditors; that if Cosgrove and Bergin had coöperated together to defraud the creditors of Cosgrove, and the plaintiff had knowledge of it,

and participated in the fraud, his mortgage would not be valid as against the creditors of Cosgrove; that if the plaintiff did not participate in the fraudulent acts of Cosgrove and Bergin, but took this mortgage in good faith, then he could recover of the defendant, though the sale was fraudulent between Cosgrove and Bergin; that the jury should carefully separate the evidence applicable to Cosgrove and Bergin from that applicable to the plaintiff, and ascertain what facts the plaintiff had knowledge of when he took the mortgage, and what was his object in taking it.

At the close of the charge, the plaintiff asked the judge to rule that it was incumbent on the defendant to show that Cosgrove, in making the conveyance to Bergin, did it for the purpose of defrauding his creditors, and that the plaintiff had knowledge of such purpose. The judge refused to give this instruction, and ruled that if Cosgrove entertained such purpose, and the plaintiff had reasonable cause to know that Cosgrove entertained such purpose, then the plaintiff could not recover.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.

*H. B. Staples*, for the defendant.

AMES, J. The instructions first given at the trial were correct, and in exact conformity to the rules of law applicable to cases of this class. If the jury were satisfied that the sale from Cosgrove to Bergin was in fraud of the creditors of the former, and so intended by both buyer and seller, it was necessary, in order to maintain the defence in this action, to prove that the plaintiff, who derived his title from Bergin, had knowledge of and participated in the fraud. The jury were cautioned to carefully separate the evidence applicable to Cosgrove and Bergin from that applicable to the plaintiff, and to ascertain what facts the plaintiff had knowledge of when he took his mortgage, and what was his object in taking it. It is difficult to see any reason why the plaintiff should not have been satisfied with an instruction to this effect. *Bridge* v. *Eggleston*, 14 Mass. 245, 250. *Foster* v. *Hall*, 12 Pick. 89. *Johnson* v. *Johnson*, 3 Met. 63. *Green* v. *Tanner*, 8 Met. 411. *Kimball* v. *Thompson*, 4 Cush. 441. *Adams* v. *Coulliard*, 102 Mass. 167.

At the close of the charge, the plaintiff saw fit to request a special ruling by the court, which, although expressed with more brevity, differed in no material respect from the instructions that had been already given. The effect of this request was to induce the presiding judge to qualify the charge he had already given, and to give a different and erroneous rule for the guidance of the jury. He was requested to rule that it was incumbent on the defendant to prove, not only the alleged fraud on the part of Cosgrove and Bergin, but also that the plaintiff had knowledge of their fraudulent purpose. This instruction the court refused to give, but ruled that, if the plaintiff had "reasonable cause to know" that Cosgrove entertained such purpose, the action could not be maintained. From the circumstances under which this last instruction was given, and from the fact that the attention of the judge was called to the necessity of proving knowledge, on the plaintiff's part, of the alleged fraud, it is impossible to avoid the conviction that the jury must have understood that something short of actual knowledge would be sufficient to maintain the defence. There can be no doubt that knowledge of any purpose or thing may be proved, like any other fact, by circumstantial evidence. The plaintiff's opportunities and means of knowledge, his greater or less intimacy with the other parties, and his familiarity with their business and financial affairs, his intelligence and observation, would, in such an inquiry, be matters proper for the consideration of the jury. Reasonable cause to know is evidence having a tendency, and generally a strong tendency, to prove that the party in question did know, but it is a mistake to say that it is the same thing as knowledge. What might convince one man might be insufficient to satisfy the mind of another. Thus, in an action for deceit by false representations, the *scienter* must be proved, and it is not enough merely to prove that the party had reasonable cause to believe the representation untrue. *Pearson* v. *Howe*, 1 Allen, 207. *Tryon* v. *Whitmarsh*, 1 Met. 1. The distinction between reasonable cause to believe and actual belief is well pointed out in the judgment of this court, given by Bigelow, J., in *Coburn* v. *Proctor*, 15 Gray, 38. The same distinction must exist between means of knowledge and actual knowledge. It is impossible to say that this inaccuracy in the instruction may not have oper-

ated to the prejudice of the plaintiff, inasmuch as it was accompanied with a refusal to rule that knowledge on the part of the plaintiff of the fraudulent character of the original sale was necessary to be proved in order to maintain the defence. To that extent, it was a retraction of the previous charge. The decision in *Snow* v. *Paine*, 114 Mass. 520, which is relied upon by the plaintiff, is only to the effect that a similar instruction was sufficiently favorable to the party alleging that a sale was fraudulent.                                                    *Exceptions sustained.*