JOHN KELLOGG *vs.* IVORY W. CURTIS.

Cumberland.    Opinion February 22, 1879.

*Note. Indorsee. Fraud. Burden of proof.*

In an action by an indorsee against the maker of a note, if fraud in the inception of the note be proved by the maker, that casts the burden upon the indorsee to prove that he took the note before maturity for value and without notice of the fraud. It is immaterial that he might have known of the fraud by the use of diligence, if he did not in fact know of it, and purchased the note in good faith.

This burden is, *prima facie,* sustained by the indorsee by showing that the note was indorsed to him for value before maturity. Nothing else appearing, a presumption arises that he purchased the note in good faith, without notice of the fraud.

But where there is evidence on both sides affecting the several points or propositions necessary to be proved, then the general burden of proof is upon the indorsee to make them out, he having the natural presumptions in his favor.

The purchase by an indorsee must be "in the usual course of business," which means according to the customs and usages of commercial transactions; and if he purchases a note before maturity for value, that constitutes such a transaction.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on a promissory note. The questions raised, and the material facts relating thereto, are sufficiently stated in the opinion.

*G. W. Verrill,* for the plaintiff.

*J. H. Drummond & J. O. Winship,* for the defendant, cited *Kellogg* v. *Curtis,* 65 Maine, 59. *Roberts* v. *Lane,* 64 Maine, 108. *Smith* v. *Harlow,* 64 Maine, 510.

PETERS, J. The defendant is the maker and the plaintiff an indorsee of a promissory note. The maker defends the suit on the note upon the ground that it was obtained of him by the payee through fraud.

The judge ruled at the trial that the burden of proof was upon the plaintiff to show that he had the rights of a *bona fide* holder, the alleged fraud being first admitted by the plaintiff or proved by the defendant. This was correct. Had the defense been merely a

want or failure of consideration in the note, the burden to prove a *bona fide* purchase would not have been cast upon the plaintiff. He would have been presumed to be a *bona fide* purchaser until proof was introduced to overcome such presumption. *Smith* v. *Prescott*, 17 Maine, 277. *Nixon* v. *De Wolfe*, 10 Gray, 343, and cases. *Tucker* v. *Morrill*, 1 Allen, 528. 2 Greenl. Ev., § 172. But where fraud or illegality in the inception of the note is shown by the maker, that puts the burden on the indorsee to show himself to be an innocent holder. The reason for this distinction, as generally given, is that a presumption exists that a fraudulent payee would be likely to shield himself by placing the note in the hands of another person to sue upon it.

From the character and importance of such a defense, this would seem to be a reasonable requirement, and it is approved by quite all the modern authorities. *Baxter* v. *Ellis*, 57 Maine, 178. *Perrin* v. *Noyes*, 39 Maine, 384. *Sistermans* v. *Field*, 9 Gray, 331. *Smith* v. *Livingston*, 111 Mass. 342. *Bailey* v. *Bidwell*, 13 M. & W. 73. *Smith* v. *Bruin*, 16 Q. B. 244. 1 Parsons on Notes and Bills, 184, *et seq.*, and notes.

The learned judge further ruled : "That, in order to entitle the plaintiff to recover, he must show that he himself, or some prior holder whose rights he has, came by the note fairly for value received before maturity without knowledge of the fraud in the due course of business, unattended with any circumstances justly calculated to awaken suspicion." This was not correct, although it may have been the rule commonly accepted in this state up to the time when the ruling in the case at bar was given. Since that time, after a careful reconsideration of the question, it has been determined by this court in the case of *Farrell* v. *Lovett*, 68 Maine, 326, that such a rule is unjust, impracticable, and upon principle and authority unsound. It is there decided that the indorsee in such a case can recover, if it appears that he took the note before maturity for value and without notice of any fraud or illegality. Suspicious circumstances attending the transaction of indorsement, especially if aided by auxiliary evidence, may have a tendency to show to the minds of a jury that the indorser knew of the fraud, or that he acted in bad faith. But such circum-

stances do not, as a matter of law, show such a thing. If an indorsee had reasonable cause to know that fraud had been perpetrated upon the maker by the payee of the note, a jury would generally be justified in finding that he did know it. But it would not necessarily follow. Reasonable cause to know a fact is one thing, and actual knowledge of it is another. What convinces one man may not convince another. The point to be found is not whether the indorsee might have ascertained and could have known that the note he purchases was fraudulently obtained, but whether he in fact knew it, or acted in bad faith. It is a question not of negligence or diligence, but one of honesty and good faith. *Carroll* v. *Hayward*, 124 Mass. 120.

The inquiry naturally occurs, what must the indorsee show in order to sustain the burden cast upon him where the note originated in fraud? He makes out a *prima facie* case by proving that the note was indorsed to him for value before maturity. Nothing else appearing, a presumption arises that he purchased the note in good faith without notice of the fraud. This presumption exists, because it is not likely that he would give full value for a note which he knew or believed to be fraudulent, taking the hazard attending it upon himself; and because it would be difficult to prove his good faith in any better way than that he gave value for it.

To show, except by inference and presumption, that he did not have notice of the fraud, would be to establish a fact negative in its character. This presumption stands instead of direct proof till overcome by rebutting evidence. Where there is evidence on both sides affecting the several points or propositions necessary to be shown, then the general burden of proof is upon the plaintiff to make them out. In such case, too, the plaintiff has the aid of all the natural presumptions in his favor. *Hapgood* v. *Needham*, 54 Maine, 442. *Swett* v. *Hooper*, 62 Maine, 54. *Small* v. *Clewley, id.* 155. *Nixon* v. *De Wolfe*, 10 Gray, 348. *Smith* v. *Livingston*, 111 Mass. 342. *Hart* v. *Potter*, 4 Duer, 458.

The purchase by an indorsee must be " in the usual course of business." These words are usually defined to mean, " according to the usages and customs of commercial transactions." If the

plaintiff purchased the note before maturity for value, that would be such a transaction.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.