## Indiana National Bank *v.* Weckerly et al.

Promissory Note.—*Payable in Bank.*—*Negligence.*—*Rights of Bona Fide Endorsee.*—One who, supposing that he is authorizing his name to be signed to a simple acceptance of an appointment as an agent, authorizes the signing of his name to a promissory note payable in bank, is guilty of negligence, and is liable to a *bona fide* endorsee of such note for value and before maturity.

From the Marion Superior Court.

*W. W. Woollen, Jr.*, for appellant.

Biddle, J.—The appellant brought this suit against the appellees, on a promissory note made by Conrad Weckerly and James J. Weckerly, payable to the order of E. E. Jones, at the First National Bank, Indianapolis, Indiana,

six months after date, dated March 29th, 1875, for four hundred dollars, with interest, waiving, etc., which note came by endorsement in the regular course of business to the appellant, before it became due, for a valuable consideration, without notice, etc.

Issues of fact were joined, and a trial by jury had, which resulted in a verdict for James J. Weckerly, and against certain other parties who are not complaining. Judgment was rendered for James J. Weckerly, against the appellant, from which this appeal is taken.

We do not state the proceedings at length, as the contest arises solely between the appellant and James J. Weckerly, who, as a second paragraph of answer, pleaded as follows:

"That, about the date of said paper sued upon, the payee of said note, or his agents, came to this defendant and proposed to give him an agency to sell ——— Improved Lifting Jack, in Marion county, Indiana, and read to this defendant a paper, which, as read to him, was appointing this defendant an agent for the sale of said Lifting Jack, and nothing more; that, at the time of said transaction, he could not see to read or write; that he authorized his name to be written to a paper such as read to him, and nothing else, and if it was signed to the paper sued upon, it was so signed without his knowledge or consent, and without any fault or negligence whatever on his part."

A demurrer, stating the want of facts as ground, was overruled to this paragraph of answer, and exception reserved. This ruling presents the only question in the case.

We are compelled to say that this paragraph is a very feeble answer to a promissory note governed by the law merchant, in the hands of an innocent holder. It does not show but that the facts averred transpired after the note was signed, but says that they occurred " about the date of

said paper," which means afterwards as well as before. The maker does not seem to know whether he transacted the business with the payee or his agents—whether with one or several. The averments do not show that the paper appointing him agent was read to him improperly; nor do they show that the note was not read to him properly. He does not aver that he could not read and write, but that " he could not see to read or write," whether from temporary causes, as the darkness of night, or want of glasses, or whether he was permanently blind; in short, it shows no valid excuse why he did not read the note. Nowhere is it averred that the person or persons, whoever he or they were, misread a paper, or, with any fraudulent intent, practised any device upon him, that would deceive a person of fair sense, diligence or prudence. Nor does it aver that he was induced to sign the paper by the representations made. It is impossible to hold the paragraph sufficient. *Maxwell* v. *Morehart*, 66 Ind. 301.

The judgment in favor of James J. Weckerly and against the appellant is reversed, at the costs of said James; the cause is remanded, with instructions to sustain the demurrer of the appellant to the second paragraph of said Weckerly's separate answer, and for further proceedings.