## FISHER *v.* VON BEHREN.

PROMISSORY NOTE.—*Payable in Bank.*—*Fraud.*—*Negligence.*—One who negligently executes a promissory note payable in bank, in the belief that he is signing a simple contract, is liable thereon to an innocent holder, though fraud was practised upon him in obtaining his signature.

From the Decatur Circuit Court.

*J. S. Scobey* and *W. W. Woollen, Jr.,* for appellant.
*C. Ewing* and *J. K. Ewing,* for appellee.

NIBLACK, J.—The complaint in this case was by Joseph Fisher, against Heinrich Von Behren upon a promissory

note purporting to have been executed by the latter, and payable to one E. E. Jones at the First National Bank of Indianapolis, for the sum of four hundred dollars, and averred to have been assigned to the plaintiff, before maturity, by indorsement in writing.

The defendant answered that the execution of the note sued on was not his act and deed, because, at the time of its execution, he was unable to read or write the English language, and could only speak and understand that language imperfectly; that he was ignorant of the laws of Indiana as well as of the English language; that the note was executed to the said E. E. Jones upon the faith of the following false and fraudulent representations:

On the 19th day of August, 1874, one F. M. Scott came to the defendant, at his home at Decatur in this State, and in order to induce the defendant to execute the note, and to cheat, wrong and defraud him in the premises, represented that his name was E. E. Jones, and that he was the owner of two hundred and fifty lifting-jacks, then manufactured and on hand in the city of Cincinnati, in the State of Ohio; and that he desired to appoint and employ the defendant to sell said lifting-jacks and such others as might be manufactured from time to time; that said Scott had at the time a written contract, the substance and purport of which was a contract of agreement regulating the per cent. and commission to be paid and the terms and conditions of the agency; that said Scott then and there represented that said written instrument was of the purport aforesaid, and contained no other stipulations; that said Scott was a practising attorney of this State, and well knew that his said statement was false and fraudulent, and that the defendant was unable to detect its false and fraudulent character; that the defendant, relying upon the representations aforesaid, and believing them to be true, signed his name to a paper which afterward proved to be the note in suit;

that said representations were false and fraudulent in this, that the name of the said F. M. Scott was not E. E. Jones; that the said Scott was not the owner of any lifting-jacks, and none had been manufactured for his use; that said written instrument was not a contract appointing the defendant an agent of the said E. E. Jones, but was a negotiable promissory note, the same now sued on; that said note was executed without any good or valuable consideration of any kind whatever; that neither the said Scott nor any one else on his behalf had any lifting-jacks manufactured, or in process of construction, to be furnished according to the representations aforesaid; that he, the defendant, did not know that he was executing a promissory note, nor did he deliver the note to the payee or any one else for his use.

This answer was verified by the oath of the defendant.

The plaintiff demurred to the answer, but the demurrer was overruled.

Issue being joined by a reply in general denial, the cause was tried by a jury, the result being a verdict and judgment for the defendant.

The plaintiff has appealed, and the only question submitted for our consideration is that of the sufficiency of the answer.

During the last few years we have had several cases before us, either in some or in many respects similar to the one in hearing, and the various questions arising in those cases have received, as they have been from time to time presented, the very careful consideration of this court.

In the recent case of *Woollen* v. *Ulrich*, 64 Ind. 120, after reviewing the allegations of fraud and misrepresentation charged in that cause to have been made, this court said:

"It may be laid down as an established rule, that, although a man may be moved by fraudulent misrepresentations to execute a negotiable note, yet, if he carelessly

and negligently so execute it, and permit such note to fall into the hands of an innocent purchaser before maturity, he can not be heard to deny his liability to pay it. Having thus negligently thrown his note upon the market, as between himself and such innocent holder, he must bear the loss."

In order to exonerate a party, as between himself and the innocent holder, where his signature to a negotiable note has been obtained by fraud, it must be shown that he was guilty of no negligence in affixing his name to the note, or in not ascertaining the character of the instrument signed by him.

Although it may have been so intended, the answer now before us was not a special denial of the execution of the note in suit, but an answer in confession and avoidance, where the burden of showing sufficient matter in avoidance was assumed by the defendant. *Kimble* v. *Christie*, 55 Ind. 140.

It is insisted that the answer in this case made a stronger case for the defendant, than did any of the answers relied upon by this court in the similar cases above referred to, by the averment that the defendant could neither read nor write the English language, referring to *Walker* v. *Ebert*, 29 Wis. 194.

This averment would have brought a new element into this case, if it had been made in connection with such other facts as to render it a material averment. But it was not alleged that the defendant either desired or requested that the paper he signed should be read to him, or that any one pretending to read it to him had not read it correctly. Nor was any thing alleged, showing that any advantage had been taken of the defendant by reason of his inability to read or write the English language, or to show that he took any prudent means to ascertain the true character of the paper he was called upon to sign.

On the contrary, the averments of the answer make it appear that he accepted, without question, some general representations made by Scott, as to the kind of paper he was required to sign, leaving it only to be inferred that he thought he was signing a contract of agency, when he signed the note.

The answer, in our opinion, did not show due diligence on the part of the defendant to protect himself against the false representations complained of ; and we are consequently constrained to hold that the court below erred in overruling the demurrer to the answer. *Nebeker* v. *Cutsinger*, 48 Ind. 436 ; *Glenn* v. *Porter*, 49 Ind. 500.

The judgment is reversed, with costs, and cause remanded for further proceedings.