Ruddell *et al. v.* Dillman, Administrator, *et al.*

---

NO. 8156.

RUDDELL ET AL. *v.* DILLMAN, ADM'R, ET AL.

PROMISSORY NOTE.—*Payable in Bank.—Fraud in Procuring.—Negligence of Maker.—Bona Fide Endorsee.*—Where one signs a note negotiable by the law merchant. whether he can read or not, relying on the false and fraudulent representation of the payee, that it was something different from a note, and makes no effort to ascertain its tenor, he is liable thereon to a *bona fide* endorsee for a valuable consideration, who took the note before maturity and without notice of the fraud.

From the Wabash Circuit Court.

*A. Taylor,* for appellants.
*M. H. Kidd* and *W. G. Hunter,* for appellees.

BICKNELL, C.—This was a suit by the endorsees against the maker and endorsers of a promissory note, payable at a bank in this State, to the order of the payee, negotiable by the statute as an inland bill of exchange, and governed by the law merchant. The original appellee, John Dillman, was the maker of the note ; the other appellees were the endorsers. Dillman answered in two paragraphs :

The first was the general denial.

The second was substantially as follows : That Hudson & Dougherty, the payees of the note, came to his residence and proposed to sell him dry goods for fifty cords of wood, and cut the wood themselves, to which Dillman agreed ; that the payees then filled blanks in a printed paper and requested him to sign it, telling him it was a contract to deliver fifty cords of wood when called for ; that Dillman was old and infirm, blind in one eye and very dim-sighted in the other, unable to see writing or print unless the characters were very large ; that he was of weak mind, and wholly uneducated, and could not read writing nor printing unless the printed characters were large ; that he could not read the paper they presented to him, and that, relying on said statement of the payees as to the contents of said paper, and believing said statement to be true, he wrote his name on said paper, where they directed him to write it, believing it to be a contract to deliver fifty cords of wood, and being wholly ignorant that he was signing a note ; that the name on the note sued on is his signature, obtained by the said fraudulent representations ; that, for the foregoing reasons, he could not ascertain the true character of the paper, and was compelled to rely on the said statement and representations of the payees. Wherefore he says that he never executed said note.

Each of said paragraphs of answer was duly sworn to by Dillman.

The appellants demurred to said second paragraph, for want of sufficient facts ; the demurrer was overruled ; a re-

ply was filed in denial of said second paragraph; the issues were tried by a jury and a verdict was returned in favor of Dillman, the maker of the note, and against his co-defendants, the endorsers; the appellants moved for a new trial as against the appellee Dillman.

The first three reasons for a new trial allege improper admissions of testimony on behalf of Dillman. The fourth reason alleges error of the court in permitting the jury to amend the form of their verdict. The fifth and sixth reasons allege, respectively, that the verdict was not sustained by sufficient evidence, and is contrary to law. The errors assigned here are:

First. That the court erred in overruling the demurrer to the second paragraph of Dillman's answer.

Second. That the court erred in overruling the motion for a new trial.

After the assignment of errors, the appellee John Dillman died, and Abraham Dillman, his administrator, was substituted as appellee in his stead.

The case of *Maxwell* v. *Morehart,* 66 Ind. 301, is decisive of this case. There, the action was by endorsers against the maker of commercial paper; the answer was the general denial and a second paragraph; a demurrer to the second paragraph was overruled; a reply was filed in denial; the issues were tried by a jury; the verdict, as in this case, was in favor of the maker of the note, and, on the appeal, the same errors were assigned as in this case. Morehart's answer alleged that the payee of the note came to his house and proposed to appoint him an agent to sell patented churns; that he accepted the agency; that nothing was said about a promissory note; that, if there was any note in the paper signed by him, he did not know it, and could not, by reasonable diligence, have discovered it; that he was a farmer, not accustomed to trade in patents; that his eyesight was defective; that he could not read without specta-

cles, and had no spectacles, and merely signed his name at the place pointed out by the payee; that, if his signature was on said note, it was obtained by fraud, which he could not have prevented by the use of due diligence.

This court held that the demurrer to the foregoing paragraph ought to have been sustained, and HOWK, J., delivering the opinion of the court, said that the appellee was a witness for himself at the trial, and testified substantially to the same facts stated in the second paragraph of his answer. If those facts were a sufficient defence, it might be said there was evidence in the record tending to sustain the verdict, and we could not disturb it; so that the only question for our decision is, are such facts a valid defence to the action. All this is true of the present case.

The court further said that it can not be questioned that the appellee, upon the facts stated in the second paragraph of his answer, was guilty of negligence in failing to use reasonable care to inform himself of the character and contents of the instrument he executed, and in such a case, having executed a note negotiable as an inland bill of exchange, he must be held liable to the endorsees thereof, before maturity, in good faith, without notice and for a valuable consideration. To the same effect are the following recent decisions: *Indiana National Bank* v. *Weckerly*, 67 Ind. 345; *Kimble* v. *Christie*, 55 Ind. 140; *Fisher* v. *Von Behren*, 70 Ind. 19; *Nebeker* v. *Cutsinger*, 48 Ind. 436; *Ruddell* v. *Fhalor*, 72 Ind. 533. The rule established in these cases is, that when a man, whether he can read or not, signs a note, negotiable according to the law merchant, relying on the false and fraudulent representations of the payee, that it is something different from a note, and making no reasonable effort to ascertain the tenor of it, he is liable thereupon to a *bona fide* holder, for a valuable consideration, who took the note before maturity, and without notice of the fraud.

The court below erred in overruling the appellants' demur-

Higgins *et al. v.* Kendall.

rer to the second paragraph of John Dillman's answer, and in overruling the motion for a new trial. The appellant concedes that the judgment as to the endorsers was right. The judgment of the court below in favor of the appellee Dillman ought to be reversed, and a new trial ordered as to his administrator.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, as to the said appellee Abraham Dillman, administrator, at his costs, and this cause is remanded for a new trial as to the said Abraham Dillman, administrator.