## JACOB CHURCH ET AL. v. EDWIN M. CLAPP, JR.

*Past-due promissory note—Bona fide purchase—Estoppels*

When one buys a past-due promissory note, and there is a dispute whether his vendor had any title or right to sell it, the motives of the purchaser in buying are unimportant-  Whether these are good or bad he can get no title unless his vendor had a right to sell.

The defendant in a chancery suit conceded by his answer that a certain note belonged to a third party.  This party afterwards sold it to one who was aware of his concession.  But the defendant claimed to have bought it first.  *Held*, that his succession in the suit was no estoppel as against this claim.

Error to Kalamazoo.  Submitted Oct. 21.  Decided Oct. 27.

ASSUMPSIT.  Defendants bring error.  Reversed.

*Oscar Tuthill* for plaintiffs in error.  There can be no recovery on a promissory note purchased by the plaintiff after maturity, if the vendor had no title to it:  2 Pars. N. & B. 266; 1 Dan. Neg. Inst. 539, 610; *Hovey v. Sebring* 24 Mich. 232; *Graves v. Amer. Exch. Bank* 17 N. Y. 205; *Reichert v. Koerner* 54 Ill. 306; *Fifield v. Elmer* 25 Mich. 48; *Michigan Paneling Co. v. Parsell* 38 Mich. 475; *Austin v. Dean* 40 Mich. 386.

*E. M. Irish* for defendant in error.

COOLEY, J.  Clapp sued the plaintiffs in error upon a promissory note.  Their defence was that the note was the

property of one Huntington, to whom they had made payment by giving a new note therefor after it fell due. The evidence tended to show that Huntington had owned this note with others, and had exchanged them with a Miss or Mrs. McCracken for the ownership of or an interest in two notes of $1000 each made by one Smith; that Smith contested his liability on the notes and instituted suit in equity against Huntington which put in issue the right to collect them; that Huntington answered in the suit, and the decision was against him; that foreseeing this result, Huntington, shortly before the determination of the suit, insisted that McCracken should rescind their arrangement and give him back the notes she had obtained of him, and she did so on the understanding that the Smith notes, which were in court, should be left for her mother; that Huntington having thus obtained the note in suit as owner, McCracken came to him and on the pretense of desiring to exhibit this note to the plaintiff, who is an attorney at law, obtained it on the promise of immediately returning it; that instead of returning it she sold it to the plaintiff; that before the sale was made, however, Huntington had become satisfied she had not intended to keep her promise, and had obtained a new note from defendants in payment of the other, on giving indemnity; and defendants then refusing to recognize the title of the plaintiff, he brought suit.

In submitting the case to the jury the circuit judge seems to have attached much importance to the question whether plaintiff had in good faith made the purchase from McCracken, as if possibly the case might turn upon it. But the note was long past due, and the plaintiff's motive in buying was unimportant. If McCracken owned the note, plaintiff had a right to purchase it; if she did not, she could pass to him no title. That simple question should have been submitted. The plaintiff also sought to set up against the claim of Huntington an estoppel based upon the fact that in the chancery suit he had fully conceded the title of McCracken to this and the other notes he had transferred to her and that this fact was known to the plaintiff when he

purchased. We should not notice this point but for the fact that it is still insisted upon in this court. Of course there can be no estoppel, for the present claim of Huntington is perfectly consistent with the concessions in the chancery suit. His reliance is upon the subsequent negotiation.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.