No. 9278.

## BALDWIN ET AL. *v.* BARROWS.

PRACTICE.—*Instructions.*—Unless the instructions given by the court are all in the record, no question will be presented in the Supreme Court on the refusal to give instructions asked by the parties.

PROMISSORY NOTE.—*Negligence.*—One who negligently executes a note negotiable by the law merchant can not defend against it in the hands of a *bona fide* holder; and ordinarily one who executes a note without reading it or having it read to him is guilty of negligence.

From the Putnam Circuit Court.

*W. M. Ridpath, S. W. Curtis* and *E. S. Holliday,* for appellants.

ELLIOTT, J.—The appellants complain of the modification and refusal of instructions asked by them, but they have not brought before us the instructions of the court, and we can not say that error is shown, for it may well be that the instructions given properly presented the law of the case to the jury, and embraced all material and correct legal principles relevant to the evidence. A party who complains of the refusal to give instructions must bring to us those given, as without them it can not be ascertained whether any injury was done in refusing or modifying instructions asked. It is necessary for a party asking a reversal to overcome the presumptions existing in favor of the rulings of the trial court, by affirmatively showing the errors alleged to exist, and this can only be done in the case of the refusal of instructions by incorporating in the record all the instructions given.

The evidence shows, without conflict, that the appellants became the *bona fide* holders of the note sued on before due, without notice, and for a valuable consideration, and that the appellee signed the note upon the representation that it was not a promissory note, but a mere order for medicines. It appears, however, that he was able to read; that the note was signed in the presence of his wife, who could read, and that he neither read the note himself nor asked his wife to read it,

and signed it relying upon the representations of the persons with whom he was contracting. The law is against a recovery by the appellee. Where a man negligently signs a note negotiable by the law merchant, he can not defend against it in the hands of a *bona fide* holder, and, ordinarily, one who does sign a note without reading it is guilty of negligence. *Williams* v. *Stoll,* 79 Ind. 80 (41 Am. R. 604); *Woollen* v. *Whitacre,* 73 Ind. 198; *Ruddell* v. *Fhalor,* 72 Ind. 533 (37 Am. R. 177); *Cornell* v. *Nebeker,* 58 Ind. 425; *Indiana Nat'l Bank* v. *Weckerly,* 67 Ind. 345; *Woollen* v. *Ulrich,* 64 Ind. 120; *Noll* v. *Smith,* 64 Ind. 511 (31 Am. R. 131).

In *Thomas* v. *Ruddell,* 66 Ind. 326, the evidence was much stronger in favor of the defendant than in the present case, and it was there held that a demurrer to the evidence was properly sustained.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.