MARGARET H. PENNINGTON *vs.* EPHRAIM GARTLEY.

Aroostook.   Opinion June 30, 1912.

*Assumpsit.   Account.   Burden of Proof.   Contract.   Deed.   Destruction of Deed.   Delivery.   Lease.   Minor.   Title.   Novation.*

1. The destruction of a deed once delivered cannot destroy the title which had been conveyed.

2. The plaintiff cannot recover for the use and occupation of real estate to which she had no title.

3. The plaintiff invokes the doctrine of novation based upon the alleged promise by the defendant to pay to her the amount due from the defendant to Hovey and an agreement on Hovey's part that this should be done, but the doctrine of novation does not apply.   She was a stranger to the transaction, while novation implies the substitution of a debtor, of a creditor and of a new contract.

On report.   Judgment for plaintiff.

Assumpsit on an account annexed for use and occupation of ten acres of land, and on a promissory note.   Plea, the general issue. At the conclusion of the testimony the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Shaw & Shaw,* for plaintiff.

*Doherty & Tompkins,* for defendant.

SITTING:   WHITEHOUSE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON, JJ.

CORNISH, J.   This is an action of assumpsit brought on a promissory note for thirty-six dollars dated July 15, 1910, due in three months with interest at eight per cent, and also on the following account annexed: "To use and occupation of ten acres of land on my farm in Houlton for season of 1910, same you used with Ulmont

H. Hovey, and which you agreed to pay to me, rent being $15 per acre, $150."

No defence is made to the note and the sole controversy is over the claim for rent. The case is before this court on report.

Two insuperable obstacles prevent recovery for use and occupation.

In the first place, it is the use and occupation of ten acres on the plaintiff's farm, that is sued for, but the evidence shows that the plaintiff was not the owner of the premises in question either in the season of 1910 or at any other time.

The history of the title as shown by the uncontradicted evidence is somewhat unique and is as follows:

George L. Pennington, the father in law, of the plaintiff was the owner of the farm in question up to about 1898 or 1899, when he conveyed it to his son George A. Pennington, the husband of this plaintiff. The deed was duly delivered to the son and retained by him until his death in 1907, but was never recorded for reasons well known to the parties but not appearing in evidence.

Then according to the plaintiff's statement, "after my husband's death and his property went through probate, and everything was settled, we decided the farm would be good property for my son and it was deeded right straight to my son." That deed was given in May 1910, after the lease in this case was given, and was put on record some time in 1911. This son whose name is George D. Pennington is a minor and the plaintiff is his legal guardian, having been appointed in February, 1908.

George L. Pennington died on June 26, 1911, and the administrators of his estate are James L. and Sarah A. Pennington.

It is clear from the foregoing that the plaintiff has never had any legal title to the premises, except perhaps an undivided interest by descent from her husband at his decease. The destruction of the deed once delivered could not of course destroy the title which had been conveyed, but in any event, the legal title during the season of 1910, when the controversy here took place was either in George L. or the heirs of George A. or George D. It was not in the plaintiff. She was the guardian of George D., but this suit is not brought by her as guardian. *Hutchins* v. *Dresser,* 26 Maine, 76; *Dorr* v. *Davis,* 76 Maine, 301.

Apparently it was treated by the father-in-law George L. as being still in himself, because on March 9, 1910, he executed and delivered a written lease of the entire farm of about two hundred and fifty acres to Ulmont H. Hovey the son-in-law of the defendant, for one year for a rental of fourteen hundred dollars. The plaintiff appears nowhere in the transaction except in some interviews as will hereafter be seen.

It is difficult to see therefore, how the plaintiff can recover for the use and occupation of real estate to which she had no title. *Porter* v. *Hooper,* 11 Maine, 170; *Carroll* v. *Hayward,* 124 Mass., 120.

But the plaintiff contends in the second place that while the legal title may have been in some other party, she was really to have the rents and profits from the farm and she relies upon an alleged express promise made by the defendant to pay her one hundred and fifty dollars for the use and occupation of these ten acres out of the whole tract. This contention is strongly resisted by the defendant, who says that he had made no such contract with the defendant, that his son-in-law Hovey took a lease of the entire farm, and he, the defendant, occupied these ten acres by arrangement with the lessee. A careful study of the evidence shows that the plaintiff has not sustained the burden of proof on this question of fact. Not only does the testimony preponderate toward the defence but the circumstances point in the same direction.

1. The written lease covers the entire two hundred and fifty acres, and makes the lessee, Hovey, liable for the entire rental of fourteen hundred dollars. There is no exception of ten acres to be occupied by Gartley, with rental to be paid by him. Hovey is left liable for the whole.

2. By the terms of the lease, the title to all crops raised on the leased premises was reserved to the lessor, George L. as security, for payment of the rent. No exception was made.

3. Under the date of September 5, 1910, the attorney for the plaintiff, who was evidently familiar with the entire transaction from the beginning, wrote the lessee Hovey, as attorney for the lessor George L. Pennington, in order to have an understanding in regard to all the crops raised on the premises, and said, "We will not allow you, your father and Mr. Gartley to dig the potatoes and

haul them off the place unless we know that enough of them are saved to pay the rent." This letter is entirely inconsistent with the plaintiff's present position. The lessor was then claiming of the lessee security on all the potatoes raised, and both the plaintiff on the one hand and Gartley on the other as an independent lessee are ignored.

4. Again on November 18, 1910, the same attorney wrote to the defendant Gartley, saying in part, "I have been expecting to see you every day with the money which is due Mr. Hovey on the potatoes you raised on his place and I am surprised that you have not attended to it. I am writing to give you fair warning so that there will be no misunderstanding about it. Mr. Hovey had no right to rent you the land and the crop which you raised on the land belonged to Mr. Pennington, and you cannot give a title to the same until you pay the land rent. I advise you to get the money somewhere and fix it up at once, because the parties are urging me to take some action in the case."

"Hoping that you will give this prompt attention and bring in the one hundred and fifty dollars at once, I am, &c."

This is an exact statement of the transaction as the defendant claims it and conclusively proves that Gartley was operating under Hovey. The plaintiff at that time apparently had no interest in the matter, the only parties concerned being the lessor, George L. Pennington, the lessee, Hovey and the sub lessee Gartley.

Subsequently the lessee Hovey went into bankruptcy and the defendant claims that this changed situation gave rise to the claim in this case.

The conclusion is well nigh irresistible that, the defendant sublet ten acres from Hovey for one hundred and fifty dollars, that he paid a portion of that sum to Hovey in the fall of 1910, forty dollars to the lessor's attorney by order of Hovey, and the balance to Hovey's mother also by his order, and that nothing was ever due from the defendant to the plaintiff in this action on any contract with reference to this farm, either express or implied.

The plaintiff seeks to invoke the doctrine of novation based upon an alleged promise by the defendant to her to pay her the amount due from defendant to Hovey and an agreement on Hovey's part that this should be done.

The evidence on this point falls far short of sustaining this contention, but aside from that, we have found as a fact that neither the defendant Gartley nor the lessee Hovey was the debtor of this plaintiff for use and occupation of this farm or any part thereof and therefore the doctrine of novation does not apply. She was a stranger to the transaction, while novation "implies the substitution of a debtor, of a creditor and of a new contract." *Hamlin* v. *Drummond,* 91 Maine, 175.

The liability on the promissory note being admitted, the entry must be,

> *Judgment for plaintiff for forty dollars and thirty-two cents with interest. from June 15, 1912, and costs.*